**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) | Case No. 23-90005 (DRJ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY
OF AN ORDER (I) AUTHORIZING THE DEBTORS
TO (A) FILE A CONSOLIDATED LIST OF CREDITORS,
(B) FILE A CONSOLIDATED LIST OF THE 30 LARGEST
UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONAL
IDENTIFICATION INFORMATION; (II) APPROVING THE FORM AND
MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF
THESE CHAPTER 11 CASES; (III) MODIFYING THE REQUIREMENT TO FILE A
LIST OF EQUITY SECURITY HOLDERS; AND (IV) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 3:00 p.m. (prevailing Central Time) on January 18, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on January 18, 2023 at 3:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones' home page. The meeting code is "JudgeJones." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones' home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:

## **<u>Relief Requested</u>**

1.      The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"), (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting separate mailing matrices for each Debtor, (ii) file a consolidated list of their 30 largest unsecured creditors,[2] and (iii) redact certain personal identification information; (b) approving the form and manner of notifying creditors of commencement of the chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code (as defined below); (c) modifying the requirement to file a list of and provide notice directly to the Debtors' equity security holders; and (d) granting related relief.

## **<u>Jurisdiction and Venue</u>**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "<u>Amended Standing Order</u>").  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. § 1408.

4.      The statutory bases for the relief requested herein are sections 105(a), 107(b), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"),

---

[2]      The Debtors intend to file a single consolidated list of the Debtors' 30 largest general unsecured creditors pursuant to Section F.14(a) of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas.

rules 1007, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 1075-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5.      On January 17, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6.      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Orlofsky, Chief Restructuring Officer of Party City Holdco Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[3]

## Basis for Relief

**I.      The Chapter 11 Cases Warrant A Consolidated Creditor Matrix**

7.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H."  Fed. R. Bankr. P. 1007(a)(1).  Although the list of creditors is usually filed on a debtor-by-debtor basis, the

---

[3]     Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

Procedures for Complex Chapter 11 Cases in the Southern District of Texas, incorporated pursuant to Bankruptcy Local Rule 1075-1, allow affiliated debtors in complex chapter 11 cases to file a consolidated creditor matrix.  Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, administratively burdensome, and of little incremental benefit.  Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "<u>Creditor Matrix</u>") for all of the Debtors on the lead case docket instead of uploading a text file for each case.  Submitting a Creditor Matrix in this manner avoids duplicate notice.

## II.     The Chapter 11 Cases Justify A Consolidated List of the 30 Largest General Unsecured Creditors

8.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "<u>Top 30 List</u>").  The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.  Although they reserve the right to do so in the future, the Debtors are not requesting authority in this motion to file consolidated schedules of assets and liabilities and statements of financial affairs or substantively consolidate the Debtors.

## III.    Redaction of Certain Confidential Information is Appropriate

9.      Section 107(c)(1) of the Bankruptcy Code provides that:

[t]he bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A)     [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].

(B)     [o]ther information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

10.     It is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases (including the Creditor Matrix) the home addresses of the Debtors' current and former employees, directors, and creditors (but only to the extent such creditors are natural persons) to the extent such information can be used to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking under 11 U.S.C. § 107(c)(1), exposing the Debtors to potential civil liability and significant financial penalties.   The risk in relation to section 107(c)(1) of the Bankruptcy Code is not merely speculative.   In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[4]

11.     For these reasons, cause exists to authorize the Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code, the home addresses of any individual listed on the Creditor Matrix or any other document filed with the Court.   Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft, and could jeopardize the safety of employees, directors, and individual creditors.

12.     The Debtors propose to provide, upon request, an unredacted version of the Creditor Matrix (and any other filings redacted pursuant to the Proposed Order) to (a) the Court, (b) the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), (c) counsel to any statutory committee appointed in these chapter 11 cases, and (d) any party in

---

[4]   The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

interest that represents that the unredacted list will be utilized solely for giving notice in the chapter 11 cases and otherwise maintained in confidence.

## IV.    Modification of Requirements to File a List of, and to Provide Notice Directly to, Equity Security Holders

13.    Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders.  *See* Fed. R. Bankr. P. 1007(a)(3).  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing.  *See* Fed. R. Bankr. P. 2002(d).  Bankruptcy Courts have authority to modify or waive the requirements under both rules.  *See* Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

14.    The Debtors submit that the requirements to file a list of, and to provide notice directly to, equity security holders should be modified as to the Debtors in these chapter 11 cases.  As an initial matter, Party City Holdco Inc. ("PCHI"), a Debtor, is a publicly traded company with approximately 113,316,286 common shares outstanding as of October 13, 2022.  PCHI does not maintain a list of its equity security holders and, therefore, must obtain the names and addresses of its shareholders from a securities agent.  Preparing and submitting such a list with last known

addresses for each such equity security holder and sending notices to all such parties will be expensive and time consuming.

15.     In lieu of filing a list of, and providing notice directly to, equity security holders of PCHI, the Debtors intend to file an 8-K with the U.S. Securities and Exchange Commission on or around January 18, 2023, which will notify equity security holders of PCHI of the commencement of these cases and provide a link to the website relating to the chapter 11 cases set up by the Debtors' claims agent.  In addition, the Debtors (a) filed with the PCHI petition a list of significant holders of its outstanding common stock and (b) as soon as is practicable following the date hereof, will cause the notices required under Bankruptcy Rule 2002(d) to be served on registered record holders of PCHI's common stock.  Under these circumstances, the Debtors respectfully request that the requirements to file a list of and to provide notice directly to PCHI's equity security holders should be modified.

**V.     Service of the Notice of Commencement**

16.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under section 341 or section 1104(b) of the Code."  Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  Fed. R. Bankr. P. 2002(f).

17.     Through the assistance of Kroll Restructuring Administration LLC, the Debtors' proposed claims, noticing, solicitation, and administrative agent, the Debtors propose to serve the Notice of Commencement, substantially in the form attached hereto as <u>Exhibit 1</u> to the Proposed Order (the "<u>Notice of Commencement</u>"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.  Service of the single Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will

prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix.  Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

### Emergency Consideration

18.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of the chapter 11 cases "to the extent that relief is necessary to avoid immediate and irreparable harm."  An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations.  Failure to obtain the requested relief during the first 21 days of these chapter 11 cases would imperil the Debtors' restructuring.  The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this motion on an emergency basis.

### Notice

19.     The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) JPMorgan Chase Bank, N.A., as Prepetition ABL Agent, and counsel thereto, Simpson Thacher & Bartlett LLP, 425 Lexington Ave., New York, NY 10017; (d) counsel to the Ad Hoc Noteholder Group, Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, NY 10017; (e) Ankura Trust Company, LLC, as First Lien Notes Trustee, 140 Sherman St., 4th Fl., Fairfield, CT 06824; (f) Wilmington Trust, National Association, as Unsecured Notes Trustee, 246 Goose Ln., Ste. 105, Guilford, CT 06437; (g) counsel to the Ad Hoc Group of Anagram Noteholders, Milbank LLP, 55 Hudson Yards, New York, NY 10001; (h) Ankura Trust Company, LLC, as agent under the DIP

Facility, 140 Sherman St., 4th Fl., Fairfield, CT 06824, and counsel thereto, Chapman and Cutler LLP, 1270 Avenue of the Americas, New York, NY 10020; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for states in which the Debtors conduct business; (m) other regulatory agencies having a regulatory or statutory interest in these cases; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  January 18, 2023                    Respectfully submitted,


By: /s/ John F. Higgins
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (pending *pro hac vice*)
Kenneth S. Ziman (pending *pro hac vice*)
Michael M. Turkel (pending *pro hac vice*)
Grace C. Hotz (pending *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
kziman@paulweiss.com
mturkel@paulweiss.com
ghotz@paulweiss.com

*Proposed Counsel to the Debtors and
the Debtors in Possession*

## <u>Certificate of Accuracy</u>

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ John F. Higgins*
John F. Higgins

## <u>Certificate of Service</u>

I certify that on January 18, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins