**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) Case No. 23-90005 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) EXTENDING TIME TO FILE (A) SCHEDULES OF
ASSETS AND LIABILITIES, (B) SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, (C) SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (D) STATEMENTS OF FINANCIAL AFFAIRS, AND
(E) RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING RELATED RELIEF**

---

**Emergency relief has been requested. Relief is requested not later than 3:00 p.m. (prevailing Central Time) on January 18, 2023.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on January 18, 2023 at 3:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk, Houston, Texas 77002.**

**Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones' home page. The meeting code is "JudgeJones." Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones' home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of the motion:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) extending the deadline by which the Debtors will file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 45 days to and including March 17, 2023, for a total of 59 days from the Petition Date (as defined below), without prejudice to the Debtors' ability to request additional extensions for cause shown, (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "2015.3 Reports") to and including the date that is the later of (i) 15 days after the initial meeting of creditors pursuant to section 341 of the Bankruptcy Code (as defined below) (the "341 Meeting") and (ii) 45 days from the Petition Date (*i.e.*, March 3, 2023), without prejudice to the Debtors' ability to request additional extensions for cause shown or to file a motion seeking a modification of such reporting requirements for cause, and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. § 1408.

4. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2015.3(d), and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2015-3 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5. On January 17, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially contemporaneously herewith. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Orlofsky, Chief Restructuring Officer of Party City Holdco Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[2]

## Basis for Relief

**I.    Cause Exists to Extend the Time to File the Schedules and Statements**

7. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) ordinarily require debtors to file their Schedules and Statements within 14 days after their petition date.

---

[2] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

However, the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b). The Debtors submit that ample cause exists to grant the requested extensions.

8. The collection of the information necessary for the Schedules and Statements will require a significant expenditure of time and effort on the part of the Debtors and their employees. To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, and contracts from each Debtor entity. Additionally, because numerous invoices related to prepetition goods and services have not yet been received and entered into the Debtors' accounting system, the Debtors may not have access to all of the information required to prepare the Schedules and Statements as of the initial deadline, and in some cases, such information may take 30 days or more to be fully reflected in the Debtors' books and records. Given the size and complexity of the Debtors' businesses and financial affairs and the crucial matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors are not able to complete the Schedules and Statements in the 14 days following the Petition Date provided by Bankruptcy Rule 1007(c).

9. Notably, in the days leading up to the Petition Date, the Debtors' management, key personnel, and professionals have diligently prepared for the filing. The attention of the Debtors' key personnel must remain focused on operational and chapter 11 compliance issues at the outset of these chapter 11 cases, which will facilitate and enable a smooth transition into chapter 11 and preserve value for the Debtors' estates, creditors, and other parties in interest. Moreover, beginning to prepare the Schedules and Statements was not practicable until the Debtors' books closed as of the Petition Date. Finally, an extension will not harm creditors or other parties in

interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

10. In sum, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and advisors. Accordingly, the Debtors submit that their request for a 45-day extension of time to file the Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances.

## II. Cause Exists to Extend the Time to File the 2015.3 Reports

11. Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on (a) the size, complexity, and geographic scope of the Debtors' businesses and (b) the substantial burden imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.

12. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than 7 days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."

13. As noted in the First Day Declaration, particularly in the organizational chart attached thereto, certain of the Debtors maintain interests in certain non-Debtor subsidiaries that fall under the ambit of Bankruptcy Rule 2015.3 and, as such, they are required to file 2015.3 Reports.  Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their financial advisors and the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to and including the later of (i) 15 days after the initial 341 Meeting and (ii) March 3, 2023, pursuant to Bankruptcy Rule 2015.3(d), without prejudice to the Debtors' ability to request additional extensions for cause shown, or to file a motion with the Court seeking a modification of such reporting requirements for cause.

14. The relief requested herein will not prejudice any party in interest.  The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and the non-debtor subsidiaries.

## Emergency Consideration

15. Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of the chapter 11 cases "to the extent that relief is necessary to avoid immediate and irreparable harm."  An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations.  Failure to obtain the requested relief during the first 21 days of these chapter 11 cases would imperil the Debtors' restructuring.  The Debtors have satisfied the "immediate and irreparable harm" standard

6

of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this motion on an emergency basis.

### Notice

16. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the Office of the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) JPMorgan Chase Bank, N.A., as Prepetition ABL Agent, and counsel thereto, Simpson Thacher & Bartlett LLP, 425 Lexington Ave., New York, NY 10017; (d) counsel to the Ad Hoc Noteholder Group, Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, NY 10017; (e) Ankura Trust Company, LLC, as First Lien Notes Trustee, 140 Sherman St., 4th Fl., Fairfield, CT 06824; (f) Wilmington Trust, National Association, as Unsecured Notes Trustee, 246 Goose Ln., Ste. 105, Guilford, CT 06437; (g) counsel to the Ad Hoc Group of Anagram Noteholders, Milbank LLP, 55 Hudson Yards, New York, NY 10001; (h) Ankura Trust Company, LLC, as agent under the DIP Facility, 140 Sherman St., 4th Fl., Fairfield, CT 06824, and counsel thereto, Chapman and Cutler LLP, 1270 Avenue of the Americas, New York, NY 10020; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for states in which the Debtors conduct business; (m) other regulatory agencies having a regulatory or statutory interest in these cases; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

January 18, 2023

Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (pending *pro hac vice*)
Kenneth S. Ziman (pending *pro hac vice*)
Michael M. Turkel (pending *pro hac vice*)
Grace C. Hotz (pending *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
kziman@paulweiss.com
mturkel@paulweiss.com
ghotz@paulweiss.com

*Proposed Counsel to the Debtors and the Debtors in Possession*

**Certificate of Accuracy**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ John F. Higgins*
John F. Higgins

**Certificate of Service**

I certify that on January 18, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins