United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>PARTY CITY HOLDCO INC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 23-90005 (DRJ)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: Docket No. 218** |

**ORDER FOR AUTHORITY TO (I) EMPLOY AND RETAIN
ALIXPARTNERS LLP, (II) DESIGNATE DAVID ORLOFSKY
TO SERVE AS CHIEF RESTRUCTURING OFFICER,
AND (III) PROVIDE ADDITIONAL PERSONNEL FOR DEBTORS**

Upon the Application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to: (a) retain and employ AlixPartners, LLP ("AlixPartners"); (b) designate David Orlofsky as Chief Restructuring Officer ("CRO"), each pursuant to the terms of the engagement letter by and among the Debtors and AlixPartners, dated as of January 16, 2023 (the "Engagement Letter"); and (c) granting related relief, all as more fully set forth in the Application; and upon consideration of the Orlofsky Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and the Complex Case Procedures, the Debtors are authorized to (a) employ and retain AlixPartners, (b) designate David Orlofsky as the CRO of the Debtors, and (c) provide additional AlixPartners Personnel for the Debtors, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, as modified by this Order.

2. The terms of the Engagement Letter, including, without limitation, the compensation provisions and the indemnification provisions, as modified by this Order, are reasonable terms and conditions of employment and are hereby approved as set forth herein; *provided*, *however*, that for the avoidance of doubt, nothing in this Order shall constitute any findings regarding, or the approval or any determination with respect to, the reasonableness of any Completion Fee.

3. Upon employment and retention by the Debtors, Mr. Orlofsky shall be empowered and authorized to carry out all duties and responsibilities set forth in the Engagement Letter.

4. Notwithstanding anything in the Application, the Engagement Letter, the Orlofsky Declaration, or any exhibit(s) related to the contrary:

    (a) AlixPartners and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor or investor/acquirer) in connection with the above-captioned chapter 11 cases.

    (b) In the event the Debtors seek to have AlixPartners Personnel assume executive officer positions that are different than the position(s) disclosed in the Application, or to materially change the terms of the engagement by either (i) materially modifying the functions of personnel, or (ii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed with the Court.

    (c) During the course of these Chapter 11 Cases, AlixPartners will only seek reimbursement of actual and necessary expenses.

    (d) No principal, employee, or independent contractor of AlixPartners and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of these chapter 11 cases.

    (e) Any success fees, transaction fees, or other back-end fees shall be subject to approval by the Court after notice and a hearing at the conclusion of this case on a reasonableness standard and are not being pre-approved by entry of this Order. The rights of the U.S. Trustee, any statutory committee, and all other parties in interest to object to any such fees, including the Completion Fee, on any grounds, are fully preserved.

    (f) The Debtors are permitted to indemnify those persons serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers insurance policy, except to the extent a claim or expense is judicially determined to have arisen from gross negligence, wilful misconduct, bad faith, fraud, or self-dealing.

      (g)      There shall be no indemnification of AlixPartners or its affiliates.

      (h)      For a period of three years after the conclusion of the engagement, neither AlixPartners nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

      (i)      AlixPartners Personnel serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

      (j)      AlixPartners shall make appropriate disclosures of any and all facts that may have a bearing on whether AlixPartners, its affiliates, or any individuals working on the engagement hold/represent any interest adverse to, the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

5. AlixPartners is authorized to apply the Retainer and/or advanced payments to satisfy any unbilled or other remaining prepetition fees and expenses that AlixPartners becomes aware of during its ordinary course billing review and reconciliation. Any remaining Retainer and/or advanced payments shall be applied to any post-post invoices for services rendered post-petition until the remaining balance of the Retainer held by AlixPartners is exhausted.

6. Notwithstanding anything in the Application or the Engagement Letter to the contrary, AlixPartners shall: (a) pass through the cost of Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) with respect to costs incurred by the Contractors, seek reimbursement for actual, reasonable, and documented costs only; (c) ensure that the Contractors are subject to the same conflict checks as were required for AlixPartners in accordance with this retention; and (d) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

7. AlixPartners shall file interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable orders and procedures of this Court,

including the Interim Compensation Order. For billing purposes, AlixPartners personnel providing services on a hourly rate basis shall keep their time in one tenth (1/10) hour increments and AlixPartners personnel providing services at a fixed monthly fee shall keep their time in one-half (1/2) hour increments. ~~AlixPartners shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional information documentation.~~

8. In the event that, during the pendency of these chapter 11 cases, AlixPartners seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in AlixPartners' fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules and subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such professional has been retained under section 327 of the Bankruptcy Code; provided, however, that AlixPartners shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of AlixPartners' fee applications in these chapter 11 cases.

9. AlixPartners shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any statutory committee before any increases in the hourly rates set forth in the Application or the Engagement Letter are charged to the Debtors. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Orlofsky Declaration, and this Order, the terms of this Order shall govern.

11. AlixPartners shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these chapter 11 cases.

12. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Local Rules are satisfied by such notice.

13. As to AlixPartners employees not serving in executive officer positions, the following indemnification procedures are approved during the pendency of this case:

    (a) As set forth and subject to the limitations in subparagraph (c) below, AlixPartners shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

    (b) Notwithstanding subparagraph (a) above or any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify AlixPartners or provide contribution or reimbursement to AlixPartners (i) for any claim or expense that is judicially determined (the determination having become final and no longer subject to appeal) to have arisen from AlixPartners' fraud, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of AlixPartners' contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which AlixPartners should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

    (c) If, before the earlier of (i) the entry of an order confirming the plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, AlixPartners believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, AlixPartners must file an application therefor in this Court, and the Debtors may not pay any such amounts to AlixPartners before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall

have jurisdiction over any request for fees and expenses by AlixPartners for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify AlixPartners. All parties in interest shall retain the right to object to any demand by AlixPartners for indemnification, contribution, and/or reimbursement.

14. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: February 21, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**