**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PARTY CITY HOLDCO INC., et al.,** | **Case No. 23-90005 (DRJ)** |
| **Debtors.** | **Jointly Administered** |

## REQUEST OF IRC BRADLEY COMMONS, L.L.C.
## FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

IRC Bradley Commons, L.L.C. ("Landlord"), by and through its undersigned counsel, hereby submits this claim ("Claim") pursuant to 11 U.S.C. §§ 365(d)(3), 503(b)(1)(A) and 507(a)(2), and in support thereof respectfully states as follows:

1. On January 17, 2023 (the "Petition Date"), the above-captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Landlord was a party to an unexpired lease ("Lease")[1] of nonresidential real property with Debtor Party City Corporation for premises located at the Bradley Commons Shopping Center, 2060 N. State Route 50, Bourbonnais, Illinois.  The Debtors have proposed to reject the Lease effective as of April 30, 2023 ("Proposed Rejection Date"), which has not occurred as of the date hereof.

3. Pursuant to the Lease, the Debtors are required to make certain payments to Landlord arising out of the use, ownership or operation of the premises covered by the Lease. The Debtors did not fully comply with these obligations, and certain amounts remain due and owing for the period of time following the Petition Date through and including the Proposed Rejection Date.  These itemized charges total $5,110.41.[2]

---

[1] A copy of the Lease is available upon request to undersigned counsel.
[2] Documentation in support of the Claim is available upon request to undersigned counsel.

4.      Landlord believes that the amount set forth in paragraph 3 above is an obligation of the Debtors under section 365(d)(3) of the Bankruptcy Code. The Debtors are required to immediately satisfy their post-petition, pre-rejection date obligations under the Lease pursuant to section 365(d)(3) of the Bankruptcy Code.

5.      Additionally, the Claim is entitled to allowance and payment as an administrative expense claim under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.  Section 503(b) of the Bankruptcy Code provides in pertinent part that allowed administrative expense claims exist for "the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A).  Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have priority.  11 U.S.C. §507(a)(2).  The Claim is an administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code because it was incurred by the Debtors' estates and preserved the Debtors' estates.

6.      Lastly, pursuant to the terms of the Lease, the Debtors are obligated to reimburse Landlord for the reasonable attorneys' fees and costs incurred by Landlord in connection with seeking the Debtors' compliance with the terms of the Lease.  Accordingly, Landlord is entitled to payment by the Debtors of its attorneys' fees and costs incurred by Landlord in connection with the filing and prosecution of this Claim, and any other attorneys' fees and costs incurred post-petition and pre-rejection by Landlord to which Landlord may be entitled under the Lease.

7.      As a result of the Debtors' failure to comply with its post-petition, pre-rejection date obligations under the Lease, as of the date hereof, Landlord is entitled to allowance and payment of its Claim in the amount of $5,110.41, plus attorneys' fees and costs, as an administrative expense claim pursuant to sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that the Court enter an order that (a) allows Landlord an administrative expense claim in the amount of $5,110.41, plus attorneys' fees and costs, plus any additional amounts due under the Lease attributable to the post-petition, pre-rejection period, and (b) grants Landlord such other and further relief as is just and proper.

Dated:  April 3, 2023

CONNOLLY GALLAGHER LLP

*/s/ Karen C. Bifferato*
Karen C. Bifferato (DE Bar No. 3279)
1201 N. Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 888-6221
Facsimile:  (302) 757-7280
Email: kbifferato@connollygallagher.com

*Attorneys for Landlord*

05730936

## CERTIFICATE OF SERVICE

The undersigned certifies that, on April 3, 2023, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic notices in this case, and also upon the parties listed below by electronic mail.

*/s/ Karen C. Bifferato*
Karen C. Bifferato (DE 3279)


John F Higgins, IV, Esq.
Michael Shane Johnson, Esq.
**Porter Hedges LLP**
Email:  jhiggins@porterhedges.com
           sjohnson@porterhedges.com

Stephen Richard Tetro, II, Esq.
**Chapman and Cutler LLP**
Email:  stetro@chapman.com

Andrew Jimenez, Esq.
**U.S. Department of Justice**
Email:  ndrew.jimenez@usdoj.gov

Jayson B. Ruff, Esq.
**Office of the United States Trustee**
Email:  ayson.b.ruff@usdoj.gov

Steven William Golden, Esq.
Michael D Warner, Esq.
**Pachulski Stang Ziehl & Jones LLP**
Email:  warner@pszjlaw.com
Email:  arner@pszjlaw.com