UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

-----------------------------------------------------------x

In re                                                                Chapter 11

PARTY CITY HOLDCO INC., et al.[1]           Case no. 23-90005 (MI)

           Reorganized Debtors.                        (Jointly Administered)

-----------------------------------------------------------x

## REPLY TO TENTH OMNIBUS CLAIMS OBJECTION

Lewiston Realty Holdings, LLC ("Landlord"), as and for its objection to the PARTY CITY HOLDCO INC., et al. ("Debtors"), objection to claim no. 1623 ("Guarantee Claim") against Amscan Inc. ("Guarantor") for $2,578,857, respectfully represents as follows:

      1.      Party City Holdings Inc. ("Tenant") was a tenant under a September 21, 2005 lease as amended by first, second, third and fourth amendments ("Lease") with the Landlord before the Lease was rejected by order of this Court.

      2.      On or about October 17, 2017, the Guarantor executed a guaranty of the Lease ("Lease Guranty" annexed hereto) with the fourth amendment to the Lease.

      3.      On April 3, 2023, the Landlord filed claim no. 1593, its Lease rejection claim aginst the Tenant ("Tenant Claim") and its Guarantee Claim against the Guarantor.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' and Reorganized Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

4. The Guarantee is not a redundant claim since it is based on the Guaranty against the Guarantor which is not duplicative, but <u>in addition to</u> the claim against the Tenant as primary obligor.

WHEREFORE, the Debtor respectfully requests that the Court enter an order denying the Debtors' Objection to the Guarantee Claim, and that the Court grant such other, further and different relief as may be just and proper.

Dated: New York, New York
Ocotober 30, 2023

BACKENROTH FRANKEL & KRINSKY, LLP
Attorneys for the Landlord

By: <u>s/ Mark Frankel</u>

488 Madison Avenue
New York, New York 10022
(212) 593-1100

# EXHIBIT "D'"

## GUARANTY OF LEASE

**WHEREAS,** Amscan Inc., with offices at 80 Grasslands Road, Elmsford, New York 10523 ("Tenant") is desirous of entering into that certain  Fourth Amendment to Amended and Restated Lease (the "<u>Fourth Amendment</u>") with Lewiston Realty Holdings, LLC, with offices at 886 Belmont Avenue, Suite B, North Haledon, New Jersey 07058  ( "Landlord") which  Fourth Amendment amends that certain Amended and Restated Lease, made effective as of September 21, 2005 (the "<u>Original Lease</u>"), for the lease of certain premises in the building located at 80 Grasslands Road, Elmsford, New York (the "<u>Building</u>"), as previously modified and amended by First Amendment to Amended and Restated Lease, made as of February 27, 2009 (the "<u>First Amendment</u>"), by Letter Agreement, dated September 25, 2009 (the "<u>2009 Letter Agreement</u>"), by Second Amendment to Amended and Restated Lease, made as of May 23, 2011 (the "<u>Second Amendment</u>"), by Third Amendment to Amended and Restated Lease made as of December 26, 2013 (the "<u>Third Amendment</u>") and by Letter Agreement dated March 20, 2015 (the "<u>2015 Letter Agreement</u>") and, together with the Original Lease, the First Amendment, the Second Amendment, the 2009 Letter Agreement, the Third Amendment and the 2015 Letter Agreement (collectively,  the "<u>Existing Lease</u>"); and

**WHEREAS,** ~~Party City, Inc.~~ [Party City Holdings Inc.], with offices at 80 Grasslands Road, Elmsford, New York 10523 (the "<u>Guarantor</u>") has agreed to guaranty the obligations of Tenant under the Existing Lease, as further amended by the Fourth Amendment (collectively,  the "<u>Lease</u>");  and

**WHEREAS,** the Landlord, as successor to original landlord under the Existing Lease, has refused to enter into the said Fourth Amendment unless the Guarantor guarantees said Lease in the manner hereinafter set forth.

**NOW, THEREFORE,** to induce the Landlord to enter into said Lease, which Lease is dated this day and is being executed simultaneously herewith, the Guarantor hereby agrees as follows:

1.    (a)    The Guarantor unconditionally guarantees to the Landlord and the successors and assigns of the Landlord, the full and punctual performance and observance by the Tenant of all of the terms, covenants and conditions in said Lease contained on Tenant's part to be kept, performed or observed.  This is a guaranty of payment and performance and not of collection.  The Landlord may demand payment from the Guarantor without first seeking payment from the Tenant.  The Landlord does not have to notify the Guarantor that the Tenant has failed to meet any of its obligations under the Lease, or that the Guarantor is obligated to make a payment or perform any obligation pursuant to this Guaranty.  The liability of the Guarantor under this Guaranty will not be modified or terminated because of any changes to the Lease made by the Landlord and the Tenant or by any waiver of any of the provisions of the Lease by the Landlord.  The Guarantor expressly acknowledges that if the Tenant holds over beyond the Term, the obligations of the Guarantor hereunder shall extend to and apply to the Tenant's obligations incurred during the holdover period.

B-1

    (b) If, at any time, default shall be made by the Tenant in the performance or observance of any of the terms, covenants or conditions in said Lease contained on the Tenant's part to be kept, performed or observed, the Guarantor will keep, perform and observe the same, as the case may be, in place and stead of the Tenant.

    (c) The liability of the Guarantor hereunder shall be enforceable against the Guarantor without the necessity for any suit or proceedings on the Landlord's part of any kind or nature whatsoever against the Tenant.

   2. Any act of the Landlord, or the successors or assigns of the Landlord, consisting of a waiver of any of the terms or conditions of said Lease, or the giving of any consent to any manner or thing relating to said Lease, or the granting of any indulgences or extensions of time, to the Tenant, may be done without notice to the Guarantor and without releasing the obligations of the Guarantor hereunder.

   3. The obligations of the Guarantor hereunder shall not be released by Landlord's receipt, application or release of security given for the performance and observance of covenants and conditions in said Lease contained on the Tenant's part to be performed or observed; nor by any modification of such Lease, but in the case of any such modification, the liability of the Guarantor shall be deemed modified in accordance with the terms of any such modification of the Lease.

   4. The liability of the Guarantor hereunder shall in no way be affected by (a) the release or discharge of the Tenant in any creditors' receivership, bankruptcy or other proceedings; (b) the impairment, limitation or modification of the liability of the Tenant or the estate of the Tenant in bankruptcy, or of any remedy for the enforcement of the Tenant's said liability under the Lease, resulting from the operation of any present or future provision of the Bankruptcy Code or other statute or from the decision in any court; (c) the rejection or disaffirmance of the Lease in any such proceedings; (d) the assignment or transfer of the Lease by the Tenant; (e) any disability or other defense of the Tenant; or (f) the cessation from any cause whatsoever of the liability of the Tenant.

   5. Until all the covenants and conditions in said Lease on the Tenant's part to be performed and observed are fully performed and observed, the Guarantor: (a) shall have no right of subrogation against the Tenant by reasons of any payments or acts of performance by the Guarantor hereunder; (b) waives any right to enforce any remedy which the Guarantor now or hereafter shall have against the Tenant by reason of any one or more payment or acts of performance in compliance with the obligations of the Guarantor hereunder; and (c) subordinates any liability or indebtedness of the Tenant now or hereafter held by the Guarantor to the obligations of the Tenant to the Landlord under said Lease.

   6. Notwithstanding any payments of Minimum Rent or Additional Rent made by the undersigned pursuant to the provisions of this Guaranty, the undersigned shall not seek to enforce or collect upon any rights which the undersigned now has or may acquire against the Tenant either by way of subrogation, indemnity, reimbursement or contribution for any amount paid under this Guaranty. In the event either a petition is filed under the Bankruptcy Code or under any other applicable Federal or state insolvency law in regard to the Tenant, or an action or

B-2

proceeding is commenced for the benefit of the creditors of the Tenant, and the Landlord is ordered to repay all or any portion of any payments made to the Landlord which were received from or on behalf of the Tenant and which are held voidable on the grounds of preference, fraudulent conveyance or otherwise, the undersigned shall pay to the Landlord an amount equal to such payments held to be voidable, provided, however, that the aggregate of all payments made by the undersigned under this Guaranty shall not exceed the amount of the Basic Rent and Additional Rent arrears then due and payable.

If at any time payment, or portion thereof, made by or for the account of the undersigned on account of the obligations under this Guaranty, is set aside by any court or trustee having jurisdiction as a voidable preference, fraudulent conveyance or otherwise as being subject to avoidance or recovery under the provisions of the Bankruptcy Code or under any other applicable Federal or state insolvency law or similar law, the undersigned hereby agrees that this Guaranty (a) shall continue and remain in full force and effect, and (b) if previously terminated as a result of the undersigned having fulfilled the undersigned's obligations hereunder in full or as a result of the Landlord having released the undersigned from its obligations and liabilities hereunder, shall without further act or instrument be reinstated and shall thereafter remain in full force and effect, in either case with the same force and effect as though such payment or portion thereof had not been made, and, if applicable, as if such previous termination had not occurred.

7. This Guaranty shall apply to any renewal or extension thereof.

8. This instrument may not be changed, modified, discharged or terminated orally or in any manner other than by an agreement in writing signed by the Guarantor and the Landlord.

**THE GUARANTOR HEREBY WAIVES THE RIGHT TO A JURY TRIAL IN ANY ACTION OR PROCEEDING THAT MAY HEREAFTER BE INSTITUTED BY THE LANDLORD AGAINST THE GUARANTOR WITH RESPECT TO THIS GUARANTY. THE GUARANTOR SHALL PAY TO THE LANDLORD ALL OF THE LANDLORD'S EXPENSES, INCLUDING, BUT NOT LIMITED TO, REASONABLE ATTORNEYS' FEES AND OTHER COSTS INCURRED IN ENFORCING THE PROVISIONS OF THIS GUARANTY.**

IN WITNESS WHEREOF, the Guarantor has hereunto set his hands and seals the _____ day of 10/17/2017 , 2017

Party City Holdings Inc.

~~Party City, Inc.~~

By: _____
Name: Dan Sullivan
Title: CFO

B-3

56366/0001-14268637v11
October 04, 2017