IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) ) ) | Case No. 23-90005 (MI) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

**AGREED ORDER AND STIPULATION**
**REGARDING PERSONAL INJURY LITIGATION**

Counsel for Angela Brooks ("Movant") contacted counsel for the reorganized debtors (collectively, the "Reorganized Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seeking the Reorganized Debtors' consent to lift the Automatic Stay (as defined below) to permit Movant to pursue a pre-petition personal injury claim (such request from the Movant being, the "Request"). The Automatic Stay is no longer in effect, but the Movant is prevented from commencing or continuing pre-petition litigation without first receiving relief from the Injunction (as defined below). Reorganized Debtors oppose an immediate lifting of the Injunction (as defined below); however, in order to resolve the Request and any potential motion or objection related thereto, Movant and the Reorganized Debtors (collectively, the "Parties") agree as follows and the Court hereby orders the following:

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

15033119

## RECITALS

A. WHEREAS, on January 17, 2023 (the "<u>Petition Date</u>"), the Reorganized Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>");

B. WHEREAS, Movant alleges that on July 9, 2022, she sustained injuries at a store operated by the Reorganized Debtors;

C. WHEREAS, Movant seeks to pursue a pre-petition personal injury claim (the "<u>Claim</u>") against the Reorganized Debtors;

D. WHEREAS, the commencement or continuation of all pre-petition litigation was stayed as of the Petition Date pursuant to section 362(a) of the Bankruptcy Code (the "<u>Automatic Stay</u>");

E. WHEREAS, the Movant made the Request to the Reorganized Debtors;

F. WHEREAS, on September 6, 2023, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and Disclosure Statement Supplement on a Final Basis (II) and Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1711] (the "<u>Confirmation Order</u>"), confirming the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1672] (as may be amended, modified, or supplemented from time to time, the "<u>Plan</u>");

G. WHEREAS, on October 12, 2023, the Reorganized Debtors filed the *Notice of (I) Entry of Order Approving the Debtors' Disclosure Statement and Disclosure Statement Supplement and Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No.

1795] (the "<u>Effective Date Notice</u>"), disclosing that the Effective Date occurred on October 12, 2023. On the Effective Date, the Reorganized Debtors substantially consummated the Plan and emerged from the chapter 11 cases as the Reorganized Debtors.

H. WHEREAS, as of the Effective Date, the automatic stay of section 362 of the Bankruptcy Code is no longer in place; however, the injunction and discharge provisions of Article IX of the Reorganized Debtors' Confirmed Plan are enforceable after the Effective Date. *See* Plan attached as Exhibit 1 to Confirmation Order [Docket No. 1711];

I. WHEREAS, Article IX.A of the Plan provides that pre-petition Claims, such as that asserted by the Movant, are discharged and released as of the Effective Date "whether or not (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code…." (the "<u>Discharge</u>"). *See* Plan attached as Exhibit 1 to Confirmation Order [Docket No. 1711];

J. WHEREAS, Article IX.F of the Plan provides for an injunction which permanently enjoins "all Entities who have held, hold, or may hold Claims, Interests, or Causes of Action that have been released, discharged, or are subject to exculpation pursuant to Article VIII … from … commencing, conducting, or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action." (the "Injunction"). *See* Plan attached as Exhibit 1 to Confirmation Order, [Docket No. 1711];

K. WHEREAS, Article VIII.L of the Plan governs satisfaction of any self-insured retention ("<u>SIR</u>") under insurance policies containing or subject to an SIR and provides for recovery in excess of the SIR, if any, established upon liquidation of the Claim only to the extent of available insurance and any proceeds thereof;

L. WHEREAS, the Reorganized Debtors oppose immediate relief from the Injunction;

15033119

M.	WHEREAS, in order to resolve the Request, the Parties have reached an agreement that the Injunction will remain in effect and commencement of the Claim will be enjoined until thirty (30) days after the entry of this Order, upon which limited relief from the Injunction will be granted solely with respect to the Claim without further order from the Bankruptcy Court.

**THE PARTIES AGREED AND IT IS HEREBY ORDERED THAT**:

1. The Claim shall be reclassified as an unsecured claim.

2. The Reorganized Debtors' claims, solicitation and noticing agent, Kroll Restructuring Administration, LLC ("Kroll") is authorized and directed to update the claims register maintained in these Chapter 11 Cases to reflect the relief granted in this Order.

3. Movant is excused from appearing at the hearing scheduled for November 27, 2023, at 10:00 AM.

4. The Injunction will remain in effect and the commencement of the Claim will be enjoined until thirty (30) days after the entry of this Order (the "Injunction Relief Date"). Upon the Injunction Relief Date, the Injunction shall be modified solely to permit the Movant to commence or continue and proceed to liquidate the Claim without further order of the Bankruptcy Court.

5. Except as expressly modified herein, the Injunction shall remain in place for all other purposes.

6. The Reorganized Debtors make no representations respecting the Movant's likelihood of success on the Claim or with respect to efforts to collect any judgment, settlement, or other award of damages, if any, and the Parties do not waive any rights with respect to the Claim.

7. Nothing in this Order, nor any actions taken pursuant hereto, shall affect the rights of the Reorganized Debtors, their representatives, successors, or assigns to assert any defenses to

15033119

the Claim or any other action or proceeding other than one to enforce the terms of this Order. All rights, claims, or defenses are expressly reserved. Notwithstanding any other term or provision contained herein, this Order is without prejudice to any of the rights, claims, or defenses of any applicable insurer or claims administrator, any agreement related to insurance coverage and/or claims administration, and/or any applicable state law, all of which are expressly reserved.

8. Nothing in this Order, nor any actions taken pursuant hereto, shall constitute admissible evidence against the Parties in any action or proceeding other than one to enforce the terms of this Order.

9. The limited relief set forth herein shall not be construed as an admission of liability by the Reorganized Debtors regarding any claim or cause of action arising from or in relation to the Claim or any other matter.

10. For the avoidance of doubt, nothing in this Order shall be construed as an agreement to treat any damages or expenses resulting or arising from the Claim, or commencement and prosecution thereof, as post-petition claims.

11. For the avoidance of doubt, nothing in this Order shall be construed to alter treatment of any liquidated Claim under the Plan, including application of Article VIII.L of the Plan governing satisfaction of the SIR and limiting any recovery in excess of the SIR to the extent of available insurance and any proceeds thereof.

12. The terms of this Order constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings related to the subject matter hereof.

13. This Order shall be binding upon the Parties' successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

15033119

14. This Order does not allow any other party other than the Movant to pursue claims against the Reorganized Debtors.

15. Movant, the Reorganized Debtors, and Kroll, are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

16. This Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

17. The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:** _____

    **MARVIN ISGUR**
    **UNITED STATES BANKRUPTCY JUDGE**

**AGREED AS TO FORM AND SUBSTANCE:**

By: */s/ Megan Young-John*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*Counsel to the Reorganized Debtors*

-and -

*/s/ Harold P. Dwin*
**COHEN & DWIN, P.A.**
Harold P. Dwin
9505 Reisterstown Road
Suite 1 North
Owings Mills, MD 21117
Contact #: (410) 653-6000
Fax #: (410) 653-6053

*Counsel to the Movant*

15033119

**Certificate of Service**

I certify that on November 25, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                      */s/ Megan Young-John*
                                      Megan Young-John

15033119