United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) | Case No. 23-90005 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 1851** |

### FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

Upon the motion (the "Motion")[2] of the Reorganized Debtors in the above-captioned cases seeking entry of an order, pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Bankruptcy Local Rule 9013-1, (a) consolidating and transferring all remaining matters and Claims against the estates of each of the Affiliated Debtors to Party City Holdco Inc.'s chapter 11 case for administration and resolution in accordance with the Plan, (b) closing each of the Affiliated Cases, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' and Reorganized Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion ; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the following Affiliated Cases are hereby closed, effective as of the date of entry of this Final Decree; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

- Amscan Custom Injection Molding, LLC, Case No. 23-90015;
- Amscan Inc., Case No. 23-90011;
- Amscan Purple Sage, LLC, Case No. 23-90016;
- Am-Source, LLC, Case No. 23-90013;
- Anagram Eden Prairie Property Holdings LLC, Case No. 23-90012;
- Party City Corporation, Case No. 23-90010;
- Party City Holdings Inc., Case No. 23-90009;
- Party Horizon Inc., Case No. 23-90017;
- PC Intermediate Holdings, Inc., Case No. 23-90007;
- PC Nextco Finance, Inc., Case No. 23-90008;
- PC Nextco Holdings, LLC, Case No. 23-90006;
- Print Appeal, Inc., Case No. 23-90004; and
- Trisar, Inc., Case No. 23-90014.

2. The Lead Case of Party City Holdco Inc., Case No. 23-90005, shall remain open pending entry of a final decree by this Court closing the Lead Case.

3. Notwithstanding anything to the contrary in the *Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 70], all unresolved Claims against the estates of the Affiliated Debtors (collectively, the "Outstanding Claims") and the Remaining Matters shall be consolidated and transferred to Party City Holdco Inc.'s chapter 11 case for administration and resolution in accordance with the Plan. The Affiliated Debtors shall have standing in Party City Holdco Inc.'s chapter 11 case with respect to the administration of all unresolved Claims and related matters. This order does not authorize the filing of any adversary proceeding that is otherwise barred by 11 U.S.C. section 546(a)(2).

4. The Bankruptcy Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Lead Case or the Affiliated Cases and whether or not they are pending before the Bankruptcy Court in the Lead Case or the Affiliated Cases. Any actions with regard to the Remaining Matters, including with respect to the Claims Reconciliation Process, the Contract and Lease Process, and the Fee Applications, whether currently pending in an Affiliated Case or not, shall be filed, administered, and adjudicated in the Lead Case without the need to reopen any Affiliated Case. Any failure of the Reorganized Debtors or the GUC Trust, as applicable, to file an objection to any claim or interest in the Affiliated Cases on or prior to entry of this Final Decree shall not constitute allowance of the claim or interest and shall not result in such claim or interest being deemed an Allowed Claim (as defined in the Plan) against or in any Reorganized Debtor. Any final Fee Application not already Filed prior to the entry of this Final Decree shall be filed, administered, and adjudicated in Party City Holdco Inc.'s chapter 11 case.

5. The rights of all parties with respect to the Anagram Rejection are reserved; *provided* that resolution of the Anagram Rejection shall be adjudicated solely in the Lead Case.

6. All deadlines applicable in the chapter 11 cases as to the Outstanding Claims shall continue to apply as if those Outstanding Claims had not been consolidated and transferred to Party City Holdco Inc.'s chapter 11 case.

7. The clerk shall mark the docket of each Affiliated Case as "Closed" and now being administered under the Lead Case. The Reorganized Debtors shall make a docket entry in each of the Affiliated Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Party City Holdco Inc., Case No. 23-90005 (MI). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-90005 (MI). The docket in Case No. 23-90005 (MI) should be consulted for all matters affecting this case.

8. Entry of this Final Decree is without prejudice to (a) the rights of any party in interest to seek to reopen any of the Affiliated Cases for cause shown in accordance with section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtors, or any entity authorized pursuant to the Plan, to dispute any Claim that was filed against the Debtors in the chapter 11 cases as contemplated by the Plan and the Confirmation Order. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Reorganized Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise had this Final Decree not been entered.

9. The Reorganized Debtors shall file one or more monthly operating report(s) covering the time period from September 1, 2023 to October 12, 2023 (if not already filed by the time of entry of this Final Decree), and serve a true and correct copy of such reports on the U.S. Trustee. Within 21 days after entry of this Final Decree, the Affiliated Debtors shall file post-confirmation reports for the period from October 13, 2023 to the date this Final Decree is

entered, and serve a true and correct copy of such reports on the U.S. Trustee. All further reporting concerning the administration of the assets and liabilities of the Affiliated Debtors shall occur only in Party City Holdco Inc.'s chapter 11 case.

10. Quarterly disbursements for Party City Holdco Inc. will be reported and quarterly fees paid pending the entry of a final decree by this Court closing Party City Holdco Inc.'s chapter 11 case.

11. The Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) with respect to the Affiliated Debtors by no later than the later of (a) twenty-one (21) days after the date of entry of the Final Decree and (b) the date on which such quarterly fees are otherwise due. This Court shall retain jurisdiction to enforce of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

14. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed: November 28, 2023

_____
Marvin Isgur
United States Bankruptcy Judge