**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] ) | |
| ) | Case No. 23-90005 (MI) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

**THE PARTY CITY GUC TRUST'S FIFTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW CERTAIN CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 29, 2024 AT 10:00 A.M. PREVAILING CENTRAL TIME, IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE ISGUR's HOME PAGE. THE MEETING CODE IS "JUDGEISGUR". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE ISGUR'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

The Party City GUC Trust (the "Trust") formed pursuant to the confirmed Plan (as defined below) of the above-captioned debtors (collectively, the "Debtors"), files this *Party City GUC Trust's Fifth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Amended and Superseded Claims)* (the "Objection"). In support of this Objection, the Trust respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

3. The Trust respectfully requests entry of an order, substantially in the form filed herewith (the "Proposed Order"), disallowing proofs of claims (the "Original Claims") that have been amended and superseded by other subsequently filed proofs of claims (the "Amended Claims").

4. In order to prevent a duplicative recovery by the holders of the Original Claims and Amended Claims, the Trust requests that each of the Original Claims identified in the column "Claims to be Disallowed" on **Schedule 1** to the Proposed Order be disallowed. If the Court grants the requested relief, the Amended Claims identified in the column "Surviving Claims" on

**Schedule 1** to the Proposed Order will not be affected by this Objection and will be surviving claims.

## General Background

5. On January 17, 2023 (the "Petition Date"), Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), thereby commencing the Cases.

6. On March 1, 2023, Bankruptcy Court entered its *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Notice of Bar Dates* [Docket No. 574] (the "Bar Date Order").

7. On September 6, 2023, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and Disclosure Statement Supplement and on a Final Basis and (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1711] (the "Confirmation Order"), confirming the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1672] (the "Plan").

8. On October 12, 2023, the Effective Date of the Plan occurred [Docket No. 1795] and the Trust was formed pursuant to the terms and conditions of the Confirmation Order, the Plan, and that certain *GUC Trust Agreement and Declaration of Trust* dated October 12, 2023 (the "Trust Agreement").

9. Pursuant to the Plan and the Trust Agreement, among other things, the Trust has the exclusive right: (a) to object to the allowance of any Class 5 General Unsecured Claim on any

ground; (b) to file, withdraw, or litigate to judgment objections to General Unsecured Claims; (c) to settle or compromise any disputed claims without any further notice to or action, order, or approval by the Bankruptcy Court; and (d) to assert all defenses of the Debtors and their estates with respect to General Unsecured Claims.

## The Claims Reconciliation Process

10. Attached hereto as **Exhibit A** is the *Declaration of Michael Berkin in Support of the Party City GUC Trust's Fifth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Amended and Superseded Claims)* (the "Declaration").

11. As set forth in the Declaration, the Trust and its advisors, in coordination with the Debtors and their advisors, have been working diligently to review these proofs of claim, including any supporting documentation filed together with any proof of claim. While the Trust's professionals continue to review and reconcile claims, the Trust has identified numerous claims that have been amended and superseded by later filed claims, which are the subject of this Objection.

12. After a close review of the Original Claims and the Amended Claims, the Trust has determined that the Original Claims are amended by the Amended Claims for one of the following reasons: (i) it is apparent from the face of the proof of the Amended Claim that the claim is an amended claim because the claimant has expressly marked the claim as an Amended Claim; (ii) the documentation to the Amended Claim encompasses the previously filed documentation to the Original Claim but adds additional documentation or new information; or (iii) the Amended Claim is duplicative of the Original Claim but may have been filed at a later time.

**Basis for Relief**

13. A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. FED. R. BANKR. P. 3001(f).

14. To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

15. An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* FED. R. BANKR. P. 3007(a). Objections may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons including that "they have been amended by subsequently filed proofs of claims." *See* FED. R. BANKR. P. 3007(d)(3).

16.     Each of the Original Claims identified on **Schedule 1** to the Proposed Order should be disallowed because each has been amended by a subsequently filed proof of claim by the same claimant on account of the same liability as reflected by the Amended Claims.  Any disallowance of the Original Claims will not affect the Amended Claims, which will remain on the Claims Register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Trust's right to object to such claims in the future on any grounds permitted by applicable law. Accordingly, the Trust requests that the Court disallow each of the Original Claims identified on **Schedule 1** to the Proposed Order.  If the Original Claims are not disposed of as indicated, the claims of other general unsecured creditors in these cases will be negatively impacted in the calculation of the recovery available to Class 5 under the Plan.  *See* Declaration, ¶¶ 5-6.

17.     Unless otherwise indicated, the relief requested herein will have no effect on the Proofs of Claim listed in the column entitled "Surviving Claims" on **Schedule 1** to the Proposed Order.  The Trust hereby reserves the right to object to the Proofs of Claim listed in the column entitled "Surviving Claims" on **Schedule 1** to the Proposed Order on any and all applicable grounds

18.     Accordingly, the Trust respectfully requests that the Court disallow each Original Claim in its entirety.

### Reservation of Rights

19.     In the event that any of the Original Claims are not disposed of in the manner and on the grounds asserted herein, the Trust hereby reserves all rights to object to such Proofs of Claim on any other grounds.  Additionally, the Trust expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other unsecured claims that may be asserted against the Debtors' estates.

20. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Trust's rights under the Bankruptcy Code or any other applicable law.

### Separate Contested Matter

21. To the extent that a response is filed regarding any Original Claims and the Trust is unable to resolve any such response, each such Original Claim, and the Objection as it pertains to such Original Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Trust requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

### Notice

22. Notice of this Objection has been given to: (a) holders of the Original Claims and if known, their counsel; (b) the U.S. Trustee; and (c) the Debtors through their counsel of record. The Trust respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

### Conclusion

**WHEREFORE**, based upon the foregoing, the Trust respectfully requests that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection providing that

the Original Claims shall be disallowed as identified on **Schedule 1** to the Proposed Order; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

Dated:  March 20, 2024

*/s/ Sean T. Wilson*
Sean T. Wilson (Texas Bar No. 24077962)
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, TX 77027
Telephone: (212) 808-7612
Facsimile (713) 355-5001
Email:  swilson@kelleydrye.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler (admitted *pro hac vice*)
Shirley S. Cho (admitted *pro hac vice*)
Cia H. Mackle (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:  rfeinstein@pszjlaw.com
            bsandler@pszjlaw.com
            scho@pszjlaw.com
            cmackle@pszjlaw.com

*Co-Counsel to the Party City GUC Trust*

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2024 I caused a copy of the foregoing document to be served by the CM/ECF Notification System for the United States Bankruptcy Court for the Southern District of Texas and via first class mail on the parties appearing on **Schedule 1**.

                                                */s/ Sean T. Wilson*
                                                Sean T. Wilson

**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) |
| | ) Case No. 23-90005 (MI) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**DECLARATION OF MICHAEL BERKIN IN SUPPORT OF THE
PARTY CITY GUC TRUST'S FIFTH OMNIBUS OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO
DISALLOW CERTAIN CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Michael Berkin, solely in my capacity as financial advisor to the Party City GUC Trust (the "Trust") formed pursuant to the confirmed Plan of the Debtors, hereby declare as follows:[2]

1. I am a managing director at FTI Consulting, Inc. ("FTI"). Inclusive of my time at FTI, I have over twenty years of experience in corporate restructuring, including advising creditors and debtors on strategic planning, financial projections, claim reconciliation, claim resolution and debt restructuring. In connection with chapter 11 restructurings, I possess considerable familiarity with and experience in, among other things, analyzing and monitoring cash management systems, debt classification and priority, preference actions, fraudulent conveyance actions, feasibility issues, disclosure statement and plan of reorganization approval procedures and hearings,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

negotiations between debtors and their creditors, and the resolution of claims asserted against debtors.

2. Contemporaneously with the filing of this Declaration, the Trust filed the *Party City GUC Trust's Fifth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Amended and Superseded Claims)* (the "Objection").

3. The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction. Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the proofs of claim listed in **Schedule 1** to the Proposed Order. If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4. The Trust, in coordination with the Debtors, is in the process of reviewing all claims filed against each of the Debtors in these chapter 11 cases that fall within the purview of the Trust pursuant to the Plan as confirmed.

5. As part of this review, the Trust's representatives have reviewed the Original Claims and have determined that the Original Claims should be disallowed because they have been amended by subsequently filed proofs of claim by the same claimant on account of the same liability as reflected by the Amended Claims. Specifically, after a close review of the Amended Claims, the Trust has determined that the Original Claims are amended by the Amended Claims for one of the following reasons: (i) it is apparent from the face of the proof of the Amended Claim that the claim is an amended claim because the claimant has expressly marked the claim as an Amended Claim; (ii) the documentation to the Amended Claim encompasses the previously filed documentation to the Original Claim but adds additional documentation or new information; or

2

(iii) the Amended Claim is duplicative of the Original Claim but may have been filed at a later time. Any disallowance of the Original Claims will not affect the Amended Claims, which will remain on the Claims Register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Trust's right to object to such claims in the future on any grounds permitted by applicable law.

6. If the Original Claims are not disposed of as indicated, the claims of other general unsecured creditors in these cases will be negatively impacted in the calculation of the recovery available to Class 5 general unsecured creditors under the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 20, 2024

*/s/ Michael Berkin*
Michael Berkin