IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) |
| | ) Case No. 23-90005 (MI) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**JOINT MOTION OF THE REORGANIZED DEBTORS AND
THE PARTY CITY GUC TRUST FOR ENTRY OF AN ORDER
EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Party City Holdco Inc. and certain of its affiliates (before the effective date of the Plan, the "Debtors" and after the effective date of the Plan the "Reorganized Debtors") and the Party City GUC Trust (the "Trust") formed pursuant to the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1672] (the "Plan")[2] hereby jointly submit this motion (the "Motion") for an order extending the deadline to object to priority, secured, and unsecured Claims (the "Non-Administrative Claims") by one-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan.

4857-6779-2812.9 69215.003

hundred eighty-one (181)[3] days, and for Administrative Claims by one-hundred fifty-one (151)[4] days , to October 7, 2024.  In support of this Motion, the Trust and the Reorganized Debtors respectfully state as follows:

### Relief Requested

1. The Reorganized Debtors and the Trust seek entry of an order, substantially in the form attached hereto (the "Order"), extending the deadline by which objections to Non-Administrative Claims may be filed (the "Non-Administrative Claims Objection Deadline") by one-hundred eighty-one (181) days, through and including October 7, 2024, and extending the deadline for filing objections to requests for payment of Administrative Claims (the "Administrative Claims Objection Deadline") by one-hundred fifty-one (151) days, through and including October 7, 2024, each without prejudice to the Trust's and the Reorganized Debtors' rights to seek additional extensions thereof. Absent the relief requested herein, the Non-Administrative Claims Objection Deadline will expire on April 9, 2024, and the Administrative Claims Objection Deadline will expire on May 9, 2024.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The bases for the relief requested herein are section 105 of title 11 of the United States Code ("Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure

---

[3] The 180th day falls on a Sunday.

[4] The 150th day falls on a Sunday.

(the "Bankruptcy Rules") and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

3. On January 17, 2023 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, thereby commencing the above-captioned, jointly administered chapter 11 cases (the "Cases").

4. On March 1, 2023, Bankruptcy Court entered its *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Notice of Bar Dates* [Docket No. 574] (the "Bar Date Order"). The Bar Date Order, *inter alia*, established: (i) April 3, 2023 at 5:00 p.m. (prevailing Central Time) as the general claims bar date; (ii) July 17, 2023 at 5:00 p.m. (prevailing Central Time) as the governmental unit bar date; (iii) a bar date for claims arising from the rejection of executory contracts and unexpired leases; and (iv) a bar date for the filing of claims related to the amendment of any of the Debtors' Schedules of Assets and Liabilities (collectively, the "Bar Dates").

5. On September 6, 2023, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and Disclosure Statement Supplement and on a Final Basis and (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affili*ates [Docket No. 1711] (the "Confirmation Order"), confirming the Plan.

6. On October 12, 2023, the Effective Date of the Plan occurred [Docket No. 1795] and the Trust was formed pursuant to the terms and conditions of the Confirmation Order, the Plan, and that certain GUC Trust Agreement and Declaration of Trust dated October 12, 2023 (the "Trust Agreement").

7. Pursuant to section VII.D of the Plan, the Reorganized Debtors have the authority to, among other things, object to administrative, priority, and secured claims. *See* Plan, § VII.D. Under the Plan, the deadline to object to Administrative Claims (other than Professional Fee Claims and Claims subject to 11 U.S.C. § 503(b)(9)) is February 9, 2024, the date which is ninety (90) days after the Administrative Claims Bar Date, unless otherwise extended by order of the Court. *See id.*; *see also* Plan, § I.A.35. On February 29, 2024, the Court granted the Reorganized Debtors' *First Motion for Extension of Deadline to File Objections to Administrative Claims* [Docket No. 2143] (the "Extension Motion") and extended the Administrative Claims Objection Deadline to May 9, 2024.

8. Pursuant to the Plan and the Trust Agreement, among other things, the Trust has the exclusive right: (a) to object to the allowance of any Class 5 General Unsecured Claim on any ground; (b) to file, withdraw, or litigate to judgment objections to General Unsecured Claims; (c) to settle or compromise any disputed claims without any further notice to or action, order, or approval by the Bankruptcy Court; and (d) to assert all defenses of the Debtors and their estates with respect to General Unsecured Claims. Under the Plan, the deadline to object to Non-Administrative Claims, including General Unsecured Claims, is April 9, 2024, the date which is 180 days after the Effective Date, unless otherwise extended by order of the Court. *See* Plan, § I.A.35; *see also* Plan, § VII.D.

9. As of the filing of this Motion, over 2,000 proofs of claims have been filed against the Debtors with an unsecured portion totaling in excess of $1.7 billion. The Trust and its advisors are working diligently to review the Non-Administrative Claims with an unsecured portion (the "General Unsecured Claims"). As of the filing of this Motion, at least nine requests for Administrative Claims have been filed on the docket, which the Reorganized Debtors and their advisors have been working diligently to resolve with the applicable claimants.

### Meaningful Claims Reconciliation Progress Has Been Made

**A. Claims Reconciliations by the Reorganized Debtors**

10. The Reorganized Debtors have filed twenty-one omnibus objections to date seeking to disallow 1,397 claims, and reduce an additional 291 claims, serving to disallow over $975 million from the claims register. The Reorganized Debtors continue to analyze and evaluate the remaining Administrative Claims and Non-Administrative Claims (including certain priority, secured, and unsecured claims). With respect to the Administrative Claims, the Debtors have been working for months to resolve the Administrative Claims asserted by certain taxing authorities; some of these claims are currently subject to ongoing audits. The Reorganized Debtors plan to prepare and file further objections during the requested extension to the Administrative Claims Objection Deadline and Non-Administrative Claims Objection Deadline.

**B. General Unsecured Claims Reconciliations by the Trust**

11. Since the Effective Date, the Trust and its professionals have been reviewing, analyzing, and reconciling the filed and scheduled General Unsecured Claims.

12. To date, the Trust has filed six omnibus objections seeking to disallow 127 claims, which total approximately $32 million. The Trust has obtained Court approval of two omnibus objections to date, resulting in the disallowance of 16 General Unsecured Claims. In addition, the Trust has negotiated one stipulation resulting in the disallowance of 14 General Unsecured Claims,

which total approximately $405 million.  The Trust is in the process of negotiating a second stipulation, which would result in the disallowance of approximately 16 General Unsecured Claims, which total approximately $949 million.

13. In coordination with the Reorganized Debtors, the Reorganized Debtors also filed several omnibus objections to disputed claims that resulted in disallowance of disputed claims. The Trust believes that there are approximately 1,800 General Unsecured Claims that require further analysis, resolution, or potential objection.  The Trust continues to analyze and evaluate the remaining General Unsecured Claims and is in the process of preparing several additional omnibus objections, including that certain claims were paid or satisfied during the cases, assumed and cured pursuant to section 365 of the Bankruptcy Code, or that lease rejection damages claims exceed the section 502(b)(6) cap.  In addition to omnibus objections, the Trust contemplates bringing stand-alone objections where circumstances warrant, but would like to have time to explore consensual resolutions with the corresponding claimants prior to doing so.

**Basis for Relief**

14. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

15. Bankruptcy Rule 9006(b) allows a court in its discretion to lengthen the time within which "an act is required or allowed to be done." Fed. R. Bankr. 9006(b)(1).  Rule 9006(b) provides, in relevant part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion

>or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . .

Fed. R. Bankr. P. 9006(b)(1).  Here, the Plan expressly provides that the Non-Administrative Claims Objection Deadline and Administrative Claims Objection Deadline may be extended by order of this Court.  *See* Plan, § VII.D ("A motion to extend the Claims Objection Deadline shall automatically extend the deadline until the Court enters an order on such motion.").[5]

16.  Given the circumstances, cause exists to extend the Non-Administrative Claims Objection Deadline and the Administrative Claims Objection Deadline.  As discussed above, although the Trust and the Reorganized Debtors have made meaningful progress in resolving the over 2,000 proofs of claim filed in these cases, the Trust and the Reorganized Debtors require additional time to reconcile the remaining Non-Administrative Claims and Administrative Claims and file objections thereto, if necessary. The need for an extension is necessitated by the large number of overall Claims and the factual and legal complexities associated with certain claims. The Trust, Reorganized Debtors, and their respective professionals (the "Reviewing Parties") have also been mindful of conserving costs and have been careful not to duplicate efforts.  Rather than object to claims merely to satisfy the original deadlines, it is in the best interests of the estate to continue to diligently review and reconcile the remaining Claims.

17.  An extension of the Non-Administrative Claims Objection Deadline and Administrative Claims Objection Bar Date will ensure that the Reviewing Parties complete the reconciliation process, do not unnecessarily forfeit valid defenses to Claims, do not expend

---

[5] The Plan defines "Claims Objection Deadline" to mean "(a) with respect to Administrative Claims (other than Professional Fee Claims) and Claims subject to 11 U.S.C. § 503(b)(9), 90 days after the Administrative Claims Bar Date or (b) with respect to all other Claims (other than Professional Fee Claims), the later of (i) the first Business Day that is at least 180 days after the Effective Date and (ii) such other period of limitation as may be specifically fixed by the Debtors or the Reorganized Debtors, as applicable, or by an Order of the Bankruptcy Court for objecting to such Claims." *See* Plan, § I (Defined Terms).

resources in objecting to Claims that could otherwise be resolved consensually, and do not otherwise permit Claims to be allowed in amounts that are not justified. Permitting the remaining Claims to be allowed before the reconciliation process has been completed would result in windfalls for those claimants and unjustly dilute the recoveries of creditors with valid Claims. Finally, extending the Non-Administrative Claims Objection Deadline and the Administrative Claims Objection Deadline as set forth herein is not sought for purposes of delay and will not significantly prejudice any claimant, as each claimant will retain any substantive defenses it may have to any claim objections that are filed.

18.    An extension of the Non-Administrative Claims Objection Deadline and Administrative Claims Objection Deadline by 181 days and 151 days, respectively, through and including October 7, 2024, is authorized by the Bankruptcy Code and the terms of the Plan. The Trust and the Reorganized Debtors respectfully request that the Court grant the requested extensions of the Non-Administrative Claims Objection Deadline and Administrative Claims Objection Deadline, without prejudice to the rights of the Reorganized Debtors or the Trust to request further extensions of the Non-Administrative Claims Objection Deadline and Administrative Claims Objection Deadline pursuant to the terms of the Plan.

## Notice

19.    Notice of this Objection has been given to all parties on the Master Service List and all parties that have filed claims that have not yet been disallowed. The Trust and the Reorganized Debtors respectfully submit that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

[*Remainder of page left intentionally blank*]

WHEREFORE, the Trust and the Reorganized Debtors respectfully request that the Court enter the Order granting the relief requested herein, and such other relief as the Court deems appropriate under the circumstances.

Dated:  March 29, 2024

Respectfully submitted,

*/s/ Sean T. Wilson*

Sean T. Wilson (Texas Bar No. 24077962)
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, TX 77027
Telephone: (212) 808-7612
Facsimile (713) 355-5001
Email:  swilson@kelleydrye.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler (admitted *pro hac vice*)
Shirley S. Cho (admitted *pro hac vice*)
Cia H. Mackle (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        scho@pszjlaw.com
        cmackle@pszjlaw.com

*Co-Counsel to the Party City GUC Trust*

*/s/ John F. Higgins*

PORTER HEDGES LLP
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Heather K. Hatfield (TX Bar No. 24050730)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email:  jhiggins@porterhedges.com
        sjohnson@porterhedges.com
        hhatfield@porterhedges.com
        myoung-john@porterhedges.com

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Paul M. Basta (admitted pro hac vice)
Kenneth S. Ziman (admitted pro hac vice)
Christopher J. Hopkins (admitted pro hac vice)
Grace C. Hotz (admitted pro hac vice)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  pbasta@paulweiss.com
        kziman@paulweiss.com
        chopkins@paulweiss.com
        ghotz@paulweiss.com

*Counsel to the Reorganized Debtors*

**CERTIFICATE OF SERVICE**

      I hereby certify March 29, 2024, I caused to be served the foregoing pleading on all parties that have registered to receive electronic notices through this Court's CM/ECF noticing system in the above cases.

*/s/ Sean T. Wilson*
Sean T. Wilson