**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>PARTY CITY HOLDCO INC., *et al.*[1]<br><br>Reorganized Debtors. | ) Chapter 11<br>)<br>) Case No. 23-90005 (MI)<br>)<br>) (Jointly Administered)<br>)<br>) |

**REORGANIZED DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (AMENDED CLAIMS)**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **A HEARING HAS BEEN SET ON THIS MATTER ON JUNE 17, 2024 AT 10:00 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**
>
> **YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' and Reorganized Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

15353062

> **APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT "PARTY CITY HOLDCO INC. ET AL.," COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**
>
> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES ON <u>EXHIBIT 1</u> TO THE ORDER ATTACHED TO THIS OBJECTION.**

Party City Holdco Inc. and certain of its affiliates (before the effective date of their chapter 11 plan of reorganization, the "<u>Debtors</u>" and after the effective date of their chapter 11 plan of reorganization, the "<u>Reorganized Debtors</u>") hereby submit this omnibus claim objection (the "<u>Objection</u>"). In support of the Objection, the Reorganized Debtors submit the *Declaration of Thora Thoroddsen in Support of Reorganized Debtors' Twenty-Third Omnibus Objection to Certain Proofs of Claim (Amended Claims)* attached hereto as **Exhibit A** (the "<u>Thoroddsen Declaration</u>") and respectfully represent as follows:

### Relief Requested

1. The Reorganized Debtors request entry of an order, in the form attached hereto (the "<u>Proposed Order</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 3007-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "<u>Local Rules</u>"), disallowing and expunging the claims

2

15353062

identified on Exhibit 1 to the Proposed Order (collectively, the "Amended Claims") in their entirety because the Reorganized Debtors determined that each such proof of claim was amended and replaced by another claim identified as the "Surviving Claim" on Exhibit 1 (each, a "Surviving Claim," and collectively, the "Surviving Claims") filed against the same Debtor.

## Jurisdiction and Venue

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3. Venue is proper pursuant to 28 U.S.C. § 1408.

4. The Reorganized Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 7008-1 to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Background

5. On January 17, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On January 18, 2023, the Court entered an Order authorizing the joint administration and procedural consolidation of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. On February 1, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors [Docket No. 289]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

6. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of David*

*Orlofsky, Chief Restructuring Officer of Party City Holdco Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 11] (the "First Day Declaration").

7. On September 6, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and Disclosure Statement Supplement on a Final Basis and (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1711] (the "Confirmation Order").

8. On October 12, 2023, the Reorganized Debtors filed the *Notice of (I) Entry of Order Approving the Debtors' Disclosure Statement and Disclosure Statement Supplement and Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No. 1795], disclosing that the effective date of the chapter 11 plan occurred on October 12, 2023, the plan was substantially consummated, and the Debtors emerged from chapter 11.

9. On October 13, 2024, the Party City GUC Trust (the "Trust") was formed pursuant to the terms and conditions of the Confirmation Order, the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1672], and that certain GUC Trust Agreement and Declaration of Trust dated October 12, 2023.

### The Claims Reconciliation Process

10. On March 1, 2023, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Notice of Bar Dates* [Docket No. 574] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim in these Chapter 11 Cases. Among other things, the Bar Date Order set April 3, 2023 at 5:00 p.m. and July 17, 2023 at 5:00 p.m. (Prevailing Central Time) as

4

deadlines by which non-governmental claimants and governmental claimants, respectively, must file proofs of claim.

11. On March 3, 2023, the Debtors filed their respective statements of financial affairs and schedules of assets and liabilities [Docket Nos. 598–615, 618–627] (collectively, the "Schedules and Statements"), pursuant to Bankruptcy Rule 1007 and the *Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (E) Rule 2015.3 Financial Reports and (II) Granting Related Relief* [Docket No. 101].

12. On June 8, 2023, the Court entered the *Order (A) Approving (I) Omnibus Claims Objections Procedures and (II) Filing of Substantive Omnibus Claims Objections, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [Docket No. 1286] (the "Objection Procedures Order").

13. The Reorganized Debtors and their advisors have been working diligently to review the proofs of claim, including supporting documentation, if any, filed together with any proof of claim. As a result of this process, the Reorganized Debtors have identified certain claims that the Reorganized Debtors now seek approval to disallow and expunge by this Objection for the reasons stated below.

## Objection

14. Section 502 of the Bankruptcy Code provides, in pertinent part, that: "[a] claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which include when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because": (a) "they duplicate other claims"; (b) "they have been

5

filed in the wrong case"; (c) "they have been amended by subsequently filed proofs of claim"; (d) "they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order"; (e) "they were presented in a form that does not comply with applicable rules"; or (f) "they are interests, rather than claims." Fed. R. Bankr. P. 3007(d). The Objection Procedures Order expands Bankruptcy Rule 3007(d) and permits the Reorganized Debtors to file omnibus objections to claims on additional grounds.

15. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.,* 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010) (holding that "a proof of claim is *prima facie* evidence of the pre-petition debt owed"); *In re Tran,* 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), *aff'd*, 369 B.R. 312 (S.D. Tex. 2007) (holding that "[a] properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim."). A proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.,* 837 F.2d 696, 698 (5th Cir. 1988) ("If . . . evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence.") (internal quotations omitted). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* However, despite this shifting burden during the claim objection process, "the ultimate burden of proof always rests upon the claimant." *Id.*

16. As set forth in the Thoroddsen Declaration, the Reorganized Debtors thoroughly reviewed their books and records, and the claims register, and determined that the Amended

6

15353062

Claims identified on Exhibit 1 to the Proposed Order were subsequently amended and replaced by the "Surviving Claims" identified on Exhibit 1 to the Proposed Order. Some of the proofs of claim were filed to change the amounts or to modify the claimant asserting the Amended Claim. The Amended Claims should be disallowed and expunged from the claims register to streamline the distribution process and reduce the risk that claimants with multiple proofs of claim for the same alleged liability receive recoveries in excess of what is allegedly owed.

17. The Objection will not affect each claim identified in the column labeled "Surviving Claims" on Exhibit 1 to the Proposed Order, which will remain on the claims register unless the applicable claimant withdraws or the Court otherwise disallows each such Claim, and the Reorganized Debtors reserve their right to object to the Surviving Claims on any grounds whatsoever. Accordingly, the Reorganized Debtors respectfully request that the Court enter the Proposed Order disallowing and expunging the Amended Claims identified on Exhibit 1 to the Proposed Order.

**Reservation of Rights**

18. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Reorganized Debtors or any other party-in-interest to object to any of the Amended Claims or Surviving Claims on any grounds whatsoever. The Reorganized Debtors hereby reserve the right to object in the future to any of the Amended Claims or Surviving Claims on any ground, and to amend, modify, and/or supplement this Objection.

**Separate Contested Matter**

19. To the extent that a response is filed regarding any Amended Claim and the Reorganized Debtors are unable to resolve any such response, each such Amended Claim, and the Objection as it pertains to such Amended Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Reorganized Debtors request that any order

15353062

entered by the Court regarding an objection asserted in this Objection be deemed as a separate order with respect to each proof of claim.

### Notice

20. The Reorganized Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) JPMorgan Chase Bank, N.A., as Prepetition ABL Agent, and counsel thereto, Simpson Thacher & Bartlett LLP, 425 Lexington Ave., New York, NY 10017; (d) counsel to the Ad Hoc Noteholder Group, Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, NY 10017; (e) Ankura Trust Company, LLC, as First Lien Notes Trustee, 140 Sherman St., 4th Fl., Fairfield, CT 06824; (f) Wilmington Trust, National Association, as Unsecured Notes Trustee, 246 Goose Ln., Ste. 105, Guilford, CT 06437; (g) counsel to the Ad Hoc Group of Anagram Noteholders, Milbank LLP, 55 Hudson Yards, New York, NY 10001; (h) Ankura Trust Company, LLC, as agent under the DIP Facility, and counsel thereto, Chapman and Cutler LLP, 1270 Avenue of the Americas, New York, NY 10020; (i) counsel to the Trust, Pachulski Stang Ziehl & Jones, 919 N. Market Street, Suite 1700, Wilmington, DE 19801; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the United States Securities and Exchange Commission; (m) the state attorneys general for states in which the Reorganized Debtors conduct business; (n) other regulatory agencies having a regulatory or statutory interest in these cases; (o) every affected claimant party (or the respective attorney of record) set forth on each proof of claim; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

15353062

WHEREFORE, the Reorganized Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

*[Remainder of page intentionally left blank]*

15353062

May 13, 2024                                    Respectfully submitted,

                                                By: /s/ John F. Higgins
                                                **PORTER HEDGES LLP**
                                                John F. Higgins (TX Bar No. 09597500)
                                                M. Shane Johnson (TX Bar No. 24083263)
                                                Heather K. Hatfield (TX Bar No. 24050730)
                                                Megan Young-John (TX Bar No. 24088700)
                                                1000 Main St., 36th Floor
                                                Houston, Texas 77002
                                                Telephone: (713) 226-6000
                                                Facsimile: (713) 226-6248
                                                jhiggins@porterhedges.com
                                                sjohnson@porterhedges.com
                                                hhatfield@porterhedges.com
                                                myoung-john@porterhedges.com

                                                - and -

                                                **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
                                                Paul M. Basta (admitted *pro hac vice*)
                                                Kenneth S. Ziman (admitted *pro hac vice*)
                                                Christopher J. Hopkins (admitted *pro hac vice*)
                                                Grace C. Hotz (admitted *pro hac vice*)
                                                1285 Avenue of the Americas
                                                New York, New York 10019
                                                Telephone: (212) 373-3000
                                                Facsimile: (212) 757-3990
                                                pbasta@paulweiss.com
                                                kziman@paulweiss.com
                                                chopkins@paulweiss.com
                                                ghotz@paulweiss.com

                                                *Counsel to the Reorganized Debtors*

15353062

## Certificate of Service

I certify that on May 13, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *John F. Higgins*
John F. Higgins

15353062