## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PARTY CITY HOLDCO INC., *et al.*[1] | ) Case No. 23-90005 (MI) |
| | ) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) |

## REORGANIZED DEBTORS' OBJECTION TO UNITED STATES DEPARTMENT OF LABOR'S PROOFS OF CLAIM

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW AND EXPUNGE THE CLAIMS THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON JULY 8, 2024 AT 10:00 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' and Reorganized Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

15289080

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT "PARTY CITY HOLDCO INC. ET AL.," COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Party City Holdco Inc. and certain of its affiliates (before the effective date of the chapter 11 plan of reorganization, the "Debtors" and after the effective date of the chapter 11 plan of reorganization, the "Reorganized Debtors") hereby submit this objection (the "Objection") to Proof of Claim Numbers 1991 ("POC No. 1991") and 1995 ("POC No. 1995" and together with POC No. 1991, the "Claims") filed by the United States Department of Labor (the "Department") on behalf of creditors Party City Holdings, Inc. 401(K) Plan and Party City Corporation 401(K) Plan, respectively. In support of the Objection, the Reorganized Debtors submit the *Declaration of John Capela in Support of Reorganized Debtors' Objection to United States Department of Labor's Proofs of Claim* attached hereto as **Exhibit A** (the "Capela Declaration") and respectfully represent as follows:

**Relief Requested**

1.     The Reorganized Debtors request entry of an order, in the form attached hereto (the "Proposed Order"), pursuant to section 502(b) of title 11 of the United States Code (the

2

"Bankruptcy Code") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), disallowing and expunging the Claims because the Reorganized Debtors have no liability for the Claims based on the Debtors' and Reorganized Debtors' books and records.

## Jurisdiction and Venue

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3.      Venue is proper pursuant to 28 U.S.C. § 1408.

4.      The Reorganized Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 7008-1, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Background

### I.    The Chapter 11 Cases

5.      On January 17, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On January 18, 2023, the Court entered an Order authorizing the joint administration and procedural consolidation of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. On February 1, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors [Docket No. 289] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

15289080

6.      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of David Orlofsky, Chief Restructuring Officer of Party City Holdco Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 11] (the "First Day Declaration").

7.      On March 1, 2023, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Notice of Bar Dates* [Docket No. 574] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim in these Chapter 11 Cases. Among other things, the Bar Date Order set April 3, 2023 at 5:00 p.m. and July 17, 2023 at 5:00 p.m. (Prevailing Central Time) as deadlines by which non-governmental claimants and governmental claimants, respectively, must file proofs of claim.

8.      On March 3, 2023, the Debtors filed their respective statements of financial affairs and schedules of assets and liabilities [Docket Nos. 598–615, 618–627] (collectively, the "Schedules and Statements"), pursuant to Bankruptcy Rule 1007 and the *Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (E) Rule 2015.3 Financial Reports and (II) Granting Related Relief* [Docket No. 101].

9.      On September 6, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and Disclosure Statement Supplement on a Final Basis and (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1711].

4

15289080

10.     On October 12, 2023, the Reorganized Debtors filed the *Notice of (I) Entry of Order Approving the Debtors' Disclosure Statement and Disclosure Statement Supplement and Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No. 1795], disclosing that the effective date of the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1672] (the "Plan") occurred on October 12, 2023, the Plan was substantially consummated, and the Debtors emerged from chapter 11.

11.     The Reorganized Debtors and their advisors have been working diligently to review filed proofs of claim, including supporting documentation, if any, filed together with any proof of claim.

## II.     The Claims

12.     On April 11, 2023, the Department filed the Claims, which both assert an unliquidated unsecured priority claim under section 507(a)(5) of the Bankruptcy Code.[2] The listed basis for the Claims is "unpaid employee and employer contributions".

13.     During the Chapter 11 Cases, the Department initiated an audit to determine the amounts allegedly owed under the Claims. The Debtors and the Reorganized Debtors have cooperated with the Department and have provided numerous documents to the Department, most recently on July 7, 2023. The Department has not expressed any concerns about the documents provided nor has it requested additional documents. More than one year after the Claims were filed and approximately 16 months after the Petition Date, the Department still has not provided the Reorganized Debtors with any information to support the Claims. The Reorganized Debtors' books

---

[2]     The Claims are identical, except POC No. 1991 is asserted against Debtor Party City Holdings Inc. and POC No. 1995 is asserted against Party City Corporation.

15289080

and records do not show any failure to remit employee or employer contributions to the Party City Holdings, Inc. 401(K) Plan or the Party City Corporation 401(K) Plan (collectively, the "401(K) Plans"). Significantly, no employee has filed a proof of claim based on unpaid employee or employer contributions to the 401(K) Plans.

14.     The Department had more than a year after filing the Claims to liquidate the amounts to be asserted under the Claims, yet it has failed to do so. The Department has not met its burden of proving the amounts of the Claims, and the Claims should be disallowed and expunged on that basis. To the extent the Court allows the Department to amend the Claims, the Reorganized Debtors' rights to object to the Claims on any basis should be reserved.

## **Objection**

15.     Section 502 of the Bankruptcy Code provides, in pertinent part, that: "[a] claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.,* 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010) (holding that "a proof of claim is *prima facie* evidence of the pre-petition debt owed"); *In re Tran,* 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), *aff'd,* 369 B.R. 312 (S.D. Tex. 2007) (holding that "[a] properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim."). A proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.,* 837 F.2d 696, 698 (5th Cir. 1988) ("If . . . evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the

evidence.") (internal quotations omitted). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* However, despite this shifting burden during the claim objection process, "the ultimate burden of proof always rests upon the claimant." *Id.*

16.     As set forth in the Capela Declaration, the Reorganized Debtors thoroughly reviewed their books and records and the claims register and determined that the Reorganized Debtors are not liable for the Claims because no amounts are showed as outstanding for employee or employer contributions to the 401(K) Plans. Further, over a year has passed since the Department filed the Claims, and it has not presented any evidence of unpaid employee or employer contributions to the 401(K) Plans and has not provided a liquidated amount for the Claims.

17.     Failure to disallow and expunge the Claims could result in the 401(K) Plans receiving an unwarranted recovery to which they are not entitled. Moreover, elimination of the Claims will streamline and enable the Reorganized Debtors to maintain a more accurate claims register in these Chapter 11 Cases. Accordingly, the Reorganized Debtors respectfully request that the Court enter the Proposed Order disallowing and expunging the Claims. To the extent the Court allows the Department to amend the Claims, the Reorganized Debtors request that their rights to object to the Claims on any basis be reserved.

## Reservation of Rights

18.     The Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Reorganized Debtors or any other party-in-interest to object to the Claims on any grounds whatsoever. The Reorganized Debtors hereby reserve the right to object in the future to the Claims on any ground, and to amend, modify, and/or supplement the Objection.

7

**Notice**

19.    The Reorganized Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) JPMorgan Chase Bank, N.A., as Prepetition ABL Agent, and counsel thereto, Simpson Thacher & Bartlett LLP, 425 Lexington Ave., New York, NY 10017; (d) counsel to the Ad Hoc Noteholder Group, Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, NY 10017; (e) Ankura Trust Company, LLC, as First Lien Notes Trustee, 140 Sherman St., 4th Fl., Fairfield, CT 06824; (f) Wilmington Trust, National Association, as Unsecured Notes Trustee, 246 Goose Ln., Ste. 105, Guilford, CT 06437; (g) counsel to the Ad Hoc Group of Anagram Noteholders, Milbank LLP, 55 Hudson Yards, New York, NY 10001; (h) Ankura Trust Company, LLC, as agent under the DIP Facility, and counsel thereto, Chapman and Cutler LLP, 1270 Avenue of the Americas, New York, NY 10020; (i) counsel to the Committee, Pachulski Stang Ziehl & Jones, 919 N. Market Street, Suite 1700, Wilmington, DE 19801; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the United States Securities and Exchange Commission; (m) the state attorneys general for states in which the Reorganized Debtors conduct business; (n) other regulatory agencies having a regulatory or statutory interest in these cases; (o) the U.S. Department of Labor, Employee Benefits Security Administration, 201 Varick Street, Room 746, New York, NY 10014, Attn: Ji Won Yoon (yoon.jiwon@dol.gov); and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Reorganized Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

15289080

May 20, 2024

Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Heather K. Hatfield (TX Bar No. 24050730)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
hhatfield@porterhedges.com
myoung-john@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Kenneth S. Ziman (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Grace C. Hotz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
kziman@paulweiss.com
chopkins@paulweiss.com
ghotz@paulweiss.com

*Counsel to the Reorganized Debtors*

**<u>Certificate of Service</u>**

I certify that on May 20, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Further, I directed the Reorganized Debtors' claims, noticing, and solicitation agent, Kroll Restructuring Administration LLC, to serve all parties listed in the Notice section above by first class United States mail or email, as applicable.

/s/ *John F. Higgins*
John F. Higgins

15289080