## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) |
| | ) Case No. 23-90005 (MI) |
| Reorganized Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**THE PARTY CITY GUC TRUST'S SEVENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW CERTAIN CLAIMS (NO AMOUNT ASSERTED)**

> **THIS IS AN OBJECTION TO YOUR CLAIM.  THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.  IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**

The Party City GUC Trust (the "<u>Trust</u>"), formed pursuant to the confirmed Plan (as defined below) of the above-captioned debtors, files this *Party City GUC Trust's Seventh Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (No Amount Asserted)* (the "<u>Objection</u>").  In support of this Objection, the Trust respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

3. The Trust respectfully requests entry of an order, substantially in the form filed herewith (the "Proposed Order"), disallowing each claim identified in the column "Claims to be Disallowed" on **Schedule 1** to the Proposed Order (collectively, the "Claims With No Amount Asserted"), because each Claim With No Amount Asserted fails to specify the asserted claim amount, as set forth on **Schedule 1**. Moreover, the Claims With No Amount Asserted assert a claim on terms that are otherwise inconsistent with the Plan and Trust Agreement (as defined below).

**General Background**

4. On January 17, 2023 (the "Petition Date"), Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), thereby commencing the Cases.

5. On March 1, 2023, Bankruptcy Court entered its *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving*

*Notice of Bar Dates* [Docket No. 574] (the "Bar Date Order"). The Bar Date Order, *inter alia*, established: (i) April 3, 2023 at 5:00 p.m. (prevailing Central Time) as the general claims bar date; (ii) July 17, 2023 at 5:00 p.m. (prevailing Central Time) as the governmental unit bar date; (iii) a bar date for claims arising from the rejection of executory contracts and unexpired leases; and (iv) a bar date for the filing of claims related to the amendment of any of the Debtors' Schedules of Assets and Liabilities (collectively, the "Bar Dates").

6. On June 8, 2023, the Court entered the *Order (A) Approving (I) Omnibus Claims Objections Procedures and (II) Filing of Substantive Omnibus Claims Objections, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [Docket No. 1286] (the "Objection Procedures Order").

7. On September 6, 2023, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and Disclosure Statement Supplement and on a Final Basis and (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1711] (the "Confirmation Order"), confirming the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1672] (the "Plan").

8. On October 12, 2023, the Effective Date of the Plan occurred [Docket No. 1795] and the Trust was formed pursuant to the terms and conditions of the Confirmation Order, the Plan, and that certain *GUC Trust Agreement and Declaration of Trust* dated October 12, 2023 (the "Trust Agreement").

9. Pursuant to the Plan and the Trust Agreement, among other things, the Trust has the exclusive right: (a) to object to the allowance of any Class 5 General Unsecured Claim on any ground; (b) to file, withdraw, or litigate to judgment objections to General Unsecured Claims; (c)

3

to settle or compromise any disputed claims without any further notice to or action, order, or approval by the Bankruptcy Court; and (d) to assert all defenses of the Debtors and their estates with respect to General Unsecured Claims.

10. The Trust Agreement also provides that unclaimed property, including any distributions to holders of Allowed General Unsecured Claims returned as undeliverable and held by the Trust, "shall not be subject to the escheat, abandoned or unclaimed property laws of the United States, or any state, provincial or local governmental unit." Trust Agreement, section 4.6.1.

### The Claims Reconciliation Process

11. Attached hereto as **Exhibit A** is the *Declaration of Michael Berkin in Support of the Party City GUC Trust's Seventh Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (No Amount Asserted)* (the "Declaration").

12. As set forth in the Declaration, the Trust and its advisors, in coordination with the Debtors and their advisors, have been working diligently to review proofs of claim, including any supporting documentation filed together with any proof of claim. While the Trust's professionals continue to review and reconcile claims, the Trust has identified numerous claims that fail to assert an amount due, which are the subject of this Objection.

13. Each of the Claims With No Amount Asserted set forth on **Schedule 1** fails to assert a claim for a specific dollar amount. The Claims With No Amount Asserted are filed by states as contingent, protective claims for unclaimed property pursuant to their respective states' unclaimed property laws. *See* Claim No. 893 ("Claimant, pursuant to its unclaimed property law Iowa Code Chapter 556, is acting as conservator or a custodian on behalf of payees of various uncashed checks . . . ."); Claim No. 1127 ("Claimant, pursuant to its unclaimed property law, is acting as

4

conservator or custodian on behalf of the classes of persons set forth below who have failed to claim the property owing to them for the statutory period of abandonment."); Claim No. 2277 ("Claimant, pursuant to its unclaimed property law, is acting as conservator or custodian on behalf of the classes of persons set forth below who have failed to claim the property owing to them for the statutory period of abandonment."). The Trust has conferred with the Debtors who confirm that they are not holding any unclaimed property for the states and they are unaware of any funds owed to the states on account of unclaimed property. The Trust has also reviewed the Debtors' *Schedule E/F of the Schedules of Assets and Liabilities* and, with respect to the claimants, is unable to find the Claims With No Amount Asserted listed thereon. *See* Declaration, ¶ 4.

## Basis for Relief

14. A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f). Section 502(b)(1) – (9) of the Bankruptcy Code lists nine separate grounds for disallowing a claim, including that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

15. However, to receive the benefit of *prima facie* validity, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *Wilferth v. Heritage Org., L.L.C. (In re Heritage Org., L.L.C.)*, No. 04-35574-BJH-11, 2006 Bankr. LEXIS 4577, at *22 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R.

903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

16. An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Objections may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including such claims "were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." *See* Fed. R. Bankr. P. 3007(d)(6). Further, the Procedures Order provides additional grounds upon which the Trust may join objections in an omnibus objection including that such claims, in part or in whole "fail to specify the asserted Claim amount" or "are . . . asserted in an amount, priority, or on terms that are otherwise inconsistent with, the Plan." *See* Procedures Order; *see also* Fed. R. Bankr. P. 3007(c) (affording the Court discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d)).

17. Each of the Claims With No Amount Asserted listed on **Schedule 1** to the Proposed Order fails to assert an amount due. Additionally, the Claims With No Amount Asserted are filed by states as contingent, protective claims for unclaimed property. The basis for each of the Claims With No Amount Asserted is the applicable state's unclaimed property law, which does not apply

6

to the GUC Trust pursuant to section 4.6.1 of the Trust Agreement.[2] For each of the Claims With No Amount Asserted, the Trust requests entry of an order disallowing each claim identified on **Schedule 1** to the Proposed Order for the reasons set forth in the "Basis for Objection" column.

18.     Accordingly, the Trust respectfully requests that the Court disallow each claim identified on **Schedule 1** to the Proposed Order for the reasons set forth in the "Basis for Objection" column.

## Reservation of Rights

19.     In the event that any of the Claims With No Amount Asserted are not disposed of in the manner and on the grounds asserted herein, the Trust hereby reserves all rights to object to such Claims With No Amount Asserted on any other grounds. Additionally, the Trust expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Claims With No Amount Asserted or any other unsecured claims that may be asserted against the Debtors' estates.

## Separate Contested Matter

20.     To the extent that a response is filed regarding any Claims With No Amount Asserted and the Trust is unable to resolve any such response, each such Claim With No Amount Asserted, and the Objection as it pertains to such Claim With No Amount Asserted, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Trust requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

---

[2] Article V.B of the Plan provides that the "GUC Trust shall be governed by the GUC Trust Agreement and administered by the GUC Trustee."

## Notice

21.     Notice of this Objection has been given to: (a) holders of the Claims With No Amount Asserted and, if known, their counsel; (b) the U.S. Trustee; and (c) the Debtors through their counsel of record.  The Trust respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## Conclusion

**WHEREFORE**, based upon the foregoing, the Trust respectfully requests that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection providing that the Claims With No Amount Asserted shall be disallowed as identified on **Schedule 1** to the Proposed Order; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

| | |
|---|---|
| Dated: July 17, 2024 | */s/ Sean T. Wilson*<br>Sean T. Wilson (Texas Bar No. 24077962)<br>KELLEY DRYE & WARREN LLP<br>515 Post Oak Blvd, Suite 900<br>Houston, TX 77027<br>Telephone: (212) 808-7612<br>Facsimile: (713) 355-5001<br>Email: swilson@kelleydrye.com<br><br>-and-<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein (admitted *pro hac vice*)<br>Bradford J. Sandler (admitted *pro hac vice*)<br>Shirley S. Cho (admitted *pro hac vice*)<br>Cia H. Mackle (admitted *pro hac vice*)<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>Email:  rfeinstein@pszjlaw.com<br>           bsandler@pszjlaw.com<br>           scho@pszjlaw.com<br>           cmackle@pszjlaw.com<br><br>*Co-Counsel to the Party City GUC Trust* |

## **CERTIFICATE OF SERVICE**

I certify that on July 17, 2024, I caused a copy of the foregoing document to be served by the CM/ECF Notification System for the United States Bankruptcy Court for the Southern District of Texas and via first class mail on the parties appearing on **Schedule 1**.

> */s/ Sean T. Wilson*
> Sean T. Wilson

**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) |
| | ) Case No. 23-90005 (MI) |
| Reorganized Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**DECLARATION OF MICHAEL BERKIN IN SUPPORT OF THE PARTY CITY GUC TRUST'S SEVENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW CERTAIN CLAIMS (NO AMOUNT ASSERTED)**

Pursuant to 28 U.S.C. § 1746, I, Michael Berkin, solely in my capacity as financial advisor to the Party City GUC Trust (the "Trust") formed pursuant to the confirmed Plan of the above-captioned debtors (collectively, the "Debtors"), hereby declare as follows:

1. I am a managing director at FTI Consulting, Inc. ("FTI"). Inclusive of my time at FTI, I have over twenty years of experience in corporate restructuring, including advising creditors and debtors on strategic planning, financial projections, claim reconciliation, claim resolution, and debt restructuring. In connection with chapter 11 restructurings, I possess considerable familiarity with and experience in, among other things, analyzing and monitoring cash management systems, debt classification and priority, preference actions, fraudulent conveyance actions, feasibility issues, disclosure statement and plan of reorganization approval procedures and hearings,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

negotiations between debtors and their creditors, and the resolution of claims asserted against debtors.

2. Contemporaneously with the filing of this Declaration, the Trust filed the *Party City GUC Trust's Seventh Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (No Amount Asserted)* (the "Objection").[2]

3. The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction. Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the proofs of claim listed in **Schedule 1** to the Proposed Order (collectively, the "Claims With No Amount Asserted"). If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4. The Trust, in coordination with the Debtors, is in the process of reviewing all claims filed against each of the Debtors in these chapter 11 cases that fall within the purview of the Trust pursuant to the Plan as confirmed. As part of this review, the estates' representatives have determined that each of the Claims With No Amount Asserted fail to specify the asserted claim amount. The Trust has also reviewed the Debtors' *Schedule E/F of the Schedules of Assets and Liabilities* and, with respect to the claimants, is unable to find the Claims With No Amount Asserted listed thereon. Additionally, the Trust has conferred with the Debtors who confirm that they are not holding any unclaimed property for the states and they are unaware of any funds owed

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

to the states on account of unclaimed property. Accordingly, the Trust believes that the Claims With No Amount Asserted should be disallowed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 17, 2024

*/s/ Michael Berkin*
Michael Berkin