United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 29, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) |
| | ) Case No. 23-90005 (MI) |
| Reorganized Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**ORDER SUSTAINING THE PARTY CITY GUC TRUST'S
SEVENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO
SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING
TO DISALLOW CERTAIN CLAIMS (NO AMOUNT ASSERTED)**

[Relates to Docket No. 2341]

Upon the *Party City GUC Trust's Seventh Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (No Amount Asserted)* (the "Objection")[2] filed by the Party City GUC Trust (the "Trust") formed pursuant to the confirmed Plan of the above-captioned debtors (collectively, the "Debtors"), seeking entry of an order (this "Order") disallowing each claim identified on **Schedule 1** attached hereto (collectively, the "Claims With No Amount Asserted") for the reasons set forth in the "Basis for Objection" column; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

[2] A capitalized terms used but not defined herein shall have the meanings ascribed to it in the Objection.

4875-6190-6623.6 69215.003

venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Trust's notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Objection; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, each of the Claims With No Amount Asserted identified on **Schedule 1** to this Order is disallowed in its entirety.

2.      The Debtors' Claims Agent is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

3.      Each claim and the objections by the Trust to each claim identified in **Schedule 1** constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order will be deemed a separate order with respect to each Claim With No Amount Asserted.

4.      Except as otherwise provided in this Order, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by the Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Trust's rights under the Bankruptcy Code or any other applicable law.

5.      The Trust, the Debtors, the Claims Agent, and the Clerk of the Court are authorized

to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order

in accordance with the Objection.

6.      This Court retains exclusive jurisdiction to resolve any dispute arising from or

related to this Order.

Signed: October 29, 2024

_____
Marvin Isgur
United States Bankruptcy Judge

## Schedule 1

7th Omnibus Objection - No Amount Asserted Claims

In re: PARTY CITY HOLDCO INC., et. al.
Case No. 23-90005 (MI) Jointly Administered

| | Original Creditor | Claims to be Disallowed | Debtor | Date Filed | Basis for Objection |
|---|---|---|---|---|---|
| 1 | New Jersey Unclaimed Property Administration PO Box 214 Trenton, NJ 08625 | 1127 | Party City Holdco Inc. | 3/23/2023 | The claim fails to state any dollar amount. The basis of the claim is New Jersey's unclaimed property law. The claim also asserts that "claimant's property . . . is being held in trust by Debtor(s) and/or various agents known to Debtor(s) in such amounts known only to the Debtor(s), and is not property of the estate pursuant to 11 U.S.C. Section 541." Pursuant to section 4.6.1 of the Trust Agreement, unclaimed property held by the GUC Trust is not subject to New Jersey's unclaimed property law. |
| 2 | West Virginia State Treasurer's Office 322 70th Street SE Charleston, WV 25304 | 2277 | Party City Holdco Inc. | 7/13/2023 | The claim fails to state any dollar amount. The basis of the claim is West Virginia's unclaimed property law. The claim asserts that "claimant's property . . . is being held in trust by Debtor(s) and/or various agents known to Debtor(s) in such amounts known only to the Debtor(s), and is not property of the estate pursuant to 11 U.S.C. Section 541." Pursuant to section 4.6.1 of the Trust Agreement, unclaimed property held by the GUC Trust is not subject to West Virginia's unclaimed property law. |
| 3 | Iowa Treasurer of State 321 East 12th Street Des Moines, IA 50319 | 893 | Party City Corporation | 3/20/2023 | The claim fails to state any dollar amount. The basis of the claim is Iowa's unclaimed property law. The claim asserts that "claimant's property is being held by Debtor and/or various agents known to Debtor." Pursuant to section 4.6.1 of the Trust Agreement, unclaimed property held by the GUC Trust is not subject to Iowa's unclaimed property law. |
| | **Total Claims to be Disallowed:** | **3** | | | |