**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PARTY CITY HOLDCO INC., et al., | § | Case No. 23-90005 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |

# MOVANT'S MOTION TO REOPEN BANKRUPTCY CASE, IF NECESSARY, FOR DETERMINATION THAT PERSONAL-INJURY CLAIM IS COLORABLE, AND FOR AUTHORIZATION TO PROCEED AGAINST AVAILABLE LIABILITY INSURANCE AND LIMITED RELIEF FROM THE PLAN'S DISCHARGE INJUNCTION

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Movant, by and through undersigned counsel, moves this Court for an order, pursuant to 11 U.S.C. §§ 350(b), 524(e); Federal Rules of Bankruptcy Procedure 5010 and 9014; Article VIII.L and Article IX of the Fourth Amended Joint Chapter 11 Plan of Reorganization of Party City Holdco Inc. and Its Debtor Affiliates (the "Plan"); and other applicable law, authorizing Movant to continue the pending personal-injury action solely to establish liability and damages and pursue available liability-insurance coverage. In support, Movant states as follows:

## RELIEF REQUESTED

1. Movant seeks (a) reopening of the bankruptcy case if necessary; (b) a determination that the personal-injury claim is colorable for purposes of the applicable gatekeeping provisions of the Plan; and (c) authorization to continue the underlying state-court action solely to establish liability and damages and pursue available insurance, without execution against Party City or its property.

2. Movant does not seek to collect the claim from the bankruptcy estate or the assets of any reorganized debtor, obtain a second bankruptcy distribution, or otherwise evade the Plan's treatment of unsecured claims. Movant acknowledges that the insurer may assert any defenses available under the policy and applicable law.

## JURISDICTION AND VENUE

3. The Debtors' Chapter 11 cases were administered in this Court under Case No. 2022-003977-CA-01. This motion seeks relief concerning interpretation and application of the confirmed Plan and its injunction provisions.

4. If the bankruptcy case has been closed, Movant requests reopening under 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010, if necessary to consider this motion. Movant separately seeks relief from the Plan's discharge injunction and compliance with any applicable Plan gatekeeping provision.

## BACKGROUND

5. On or about May 6th, 2019, Movant was injured at a Party City located at 3401 North Miami Avenue, Miami, Florida 33127. The incident and resulting injuries are described in the operative complaint in the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida, Case 2022-003977-CA-01 (the "Underlying Action").

6. Movant filed the Underlying Action on March 2nd, 2022. The action was stayed following the commencement of the Debtors' Chapter 11 cases and remains pending without a final determination of liability and damages.

7. The Plan became effective on or about October 12, 2023. Article VIII.L addresses claims payable under insurance policies, and Article IX contains discharge and injunction provisions, including gatekeeping requirements for certain claims against the Debtors or Reorganized Debtors.

## ARGUMENT

### I. The automatic stay and the Plan's discharge injunction are distinct.

8. Under 11 U.S.C. § 362(c)(2), the automatic stay against acts against a debtor generally terminates at the earliest of the closing of the case, dismissal, or the time a discharge is granted or denied. The termination of the automatic stay does not necessarily resolve the effect of a discharge injunction or a separate injunction contained in a confirmed Chapter 11 plan.

9. Movant therefore does not rely solely on the passage of time or the closing of the bankruptcy case. Movant seeks an order addressing the Plan's injunction and gatekeeping provisions and authorizing the limited proceedings described in this motion.

### II. The Plan addresses insurance-backed claims and preserves applicable insurance rights.

10. Article VIII.L of the Plan addresses claims payable under insurance policies and provides for pursuit of applicable insurance remedies, subject to the Plan's terms, applicable retentions, and available coverage. The Plan also provides that it does not itself liquidate a claim payable under an insurance policy and preserves insurers' defenses, including coverage defenses.

11. Movant does not ask the Court to determine that the insurer owes $250,000 merely because that amount was used to value or allow the bankruptcy claim. Movant instead seeks authorization to establish the underlying tort claim and pursue any available insurance in accordance with the policy and applicable bankruptcy law.

12. Section 524(e) provides that the discharge of a debtor's debt does not, by itself, affect the liability of another entity on that debt. Movant recognizes that § 524(e) does not independently authorize every action against a discharged debtor; the relief requested is also grounded in the Plan's provisions and the Court's authority to determine the permissible scope of the proposed proceedings.

### III. The personal-injury claim is colorable, and limited authorization is appropriate.

13. The Plan's applicable gatekeeping provisions require a determination that a proposed claim is colorable and specific authorization before certain claims may be pursued against a Debtor or Reorganized Debtor. Movant's operative complaint alleges a personal injury arising from an occurrence at a Party City location, identifies the alleged negligence, and describes the resulting injuries. The claim was also valued or allowed at approximately $250,000 in the bankruptcy claims process, subject to the qualifications stated above.

14. These circumstances support a finding that the proposed claim is colorable for purposes of the Plan's gatekeeping procedure. Movant does not ask the Court at this stage to adjudicate the merits of the negligence action or conclusively determine damages.

15. If the Court requires further evidence concerning the applicable policy, the relevant debtor entity, the necessity of proceeding against the Reorganized Debtor, or the absence of an economic burden, Movant requests leave to supplement the record.

**IV. The requested relief will not seek recovery from Party City's assets.**

16. Movant does not seek to recover from the bankruptcy estate, obtain a second distribution on the Allowed Claim, or enforce a judgment against the Debtors' or Reorganized Debtors' assets in violation of the Plan.

17. The requested proceedings are intended to establish the underlying claim and permit recovery only to the extent available under the applicable liability-insurance policy and nonbankruptcy law. Movant does not request a ruling that coverage exists, that the insurer is bound by the bankruptcy claim valuation, or that any particular amount is owed.

18. The requested relief is narrowly tailored to preserve the possibility of insurance recovery while respecting the discharge, injunction, and distribution provisions of the Plan.

## CONCLUSION

**WHEREFORE**, based upon the foregoing, the Movant on behalf of the Creditor, Cristie Druckenmiller, respectfully requests that the Court:

(a) reopening the bankruptcy case under 11 U.S.C. § 350(b) and Bankruptcy Rule 5010, if necessary; (b) determining that the personal-injury claim is colorable for purposes of the applicable Plan provisions; (c) specifically authorizing continuation of the Underlying Action solely to establish liability and damages and pursue available liability insurance; (d) modifying or granting relief from the Plan's discharge injunction and any other applicable injunction to the limited extent necessary; (e) providing that any judgment may be pursued only against available insurance as permitted by the policy and applicable law, and may not be enforced against the Debtors, Reorganized Debtors, their property, or the bankruptcy estate in violation of the Plan or the Court's order; (f) providing that the order does not adjudicate coverage, determine the insurer's contractual obligations, establish liability for $250,000, or waive any insurer defense; and (g) granting such other and further relief as the Court deems just and proper.

Date: October 20, 2026

*By /s/ Jose E. Aguirre*
Jose E. Aguirre, Esq.

**CERTIFICATE OF SERVICE**

I certify that on this 20th day of October, 2026 a true and correct copy of the foregoing motion was served on the parties entitled to notice under the Federal Rules of Bankruptcy Procedure, the applicable Local Rules of the United States Bankruptcy Court for the Southern District of Texas, by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

**lowercase PLLC**
*Attorneys for Plaintiff*
4443 Northwest 2nd Avenue
Miami, FL 33127
Telephone: (833) 569-3335
Facsimile: (833) 569-3335

*By /s/ Jose E. Aguirre*
Jose E. Aguirre, Esq.
Florida Bar No. 92675